**Clifford L. BORTMESS, Appellant,**

v.

**Felix RODRIGUEZ, Acting Warden, New Mexico State Penitentiary, Appellee.**

**No. 9064.**

United States Court of Appeals Tenth Circuit.

March 16, 1967.

E. P. Ripley, Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen., Sante Fe, N. M., on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and BROWN, United States District Judge.

WESLEY E. BROWN, District Judge.

The appellant, Bortmess, was charged with unarmed robbery, a violation of Section 40–42–1, N.M.Stat.Ann. (1953). He appeared for arraignment without counsel, and was convicted upon entering a plea of guilty. On January 26, 1959, he was sentenced to a term of not less than three nor more than 15 years, which he is presently serving at the New Mexico State Penitentiary.

The sole question presented is whether there was a competent and intelligent waiver of counsel. The record discloses that Bortmess was 46 years old at the time of his plea, had a high school education, and had had no prior felony convictions. He testified that about six months prior to the offense, he began to have marital difficulties, and had commenced to drink a great deal, and had been jailed a few times on drunk charges.

Bortmess contends that he signed no waiver in open court; rather, that he signed it when he was brought before the

district attorney the preceding afternoon, when he was without glasses, unable to read, and suffering from a hangover. He testified that the prosecutor shoved a paper at him, told him it was a formality, and, without further explanation, instructed him to sign it, and he did so, not realizing what he was signing.

The record of the arraignment, shows that the district attorney stated to the court that he had appellant brought to his office the preceding afternoon, and that Bortmess stated that he did not desire an attorney and wished to plead guilty. Bortmess acquiesced in these representations, stated to the judge again that he did not desire an attorney and signed a written formal waiver, before the court.[1]

■ Where the accused is found to have expressly waived counsel, as here, the burden falls upon him to show by a preponderance of the evidence that his acquiescence was not sufficiently understandingly and intelligently made to amount to an effective waiver. See

Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; Sandoval v. Tinsley, 338 F.2d 48 (10th Cir. 1964).

Much of Bortmess' testimony at the habeas hearing went to his contention that he signed no waiver in court. Apart from this claim, Bortmess' recollection of the arraignment and all other events preceding it was extremely vague. He was unable to remember at all how long he was in jail before he went before the judge for arraignment, he did not recall the reading of the information in court. He attributed his hazy, somewhat inconsistent memory to a hangover, so-called "rum-dum" condition.

■ We note, however, that the crime occurred on January 14, 1959, that arraignment was exactly one week later, on January 21, and that the sentence was ordered to commence running from January 15, 1959 the day following the offense. It appears, then, that Bortmess was in custody from that date. The claim that his understanding was dulled by the after-effects of alcohol seems ill-

---

1.    The transcript of the proceedings in the state court show:

THE COURT: Mr. Bortmess, do you understand that what you are charged with is a felony charge and that you can be sentenced to the penitentiary on a plea to that charge?

MR. BORTMESS: I understand that, yes, sir.

THE COURT: And you are telling the Court that you do not care to be represented by counsel in this matter?

MR. BORTMESS: I don't think there would be much use in that, sir, as I see it.

THE COURT: You still have the right to have an attorney if you want one. If you want to tell the Court that you don't want an attorney, why that's fine, I'll go ahead and take your plea at this time.

MR. BORTMESS: Take it as it is, that's all I know.

THE COURT: Have you been in trouble before?

MR. BORTMESS: No, sir, I've always been a hard working man. I maintained a number of very good jobs and responsibility. This is my first time I was intoxicated at the time this happened, which is actually no excuse; but I was—I was out of my mind, I should say, or I would never of done it. It wasn't premeditated one bit.

THE COURT: Well, you have heard the District Attorney read the charge against you. How do you plead to the charge, guilty or not guilty?

MR. BORTMESS: Guilty.

THE COURT: All right, if you will sign this, sir. This is a statement that you waive counsel, appearing before the Court. (NOTE: Defendant signs)

THE COURT: In view of your statement to the Court that you haven't been in trouble before, before this sentencing I will ask you for a pre-sentence report by Friday. That will be all.

founded. It is further belied, we think, by Bortmess' statements in his behalf at the arraignment. Bortmess' faulty memory of the pertinent events appears to be largely self-serving. The judge of the United States District Court found the testimony of Bortmess inherently improbable, unworthy of credibility and contrary to the record. The circumstances reflected on the record to say the least casts doubt on his veracity. Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966).

Affirmed.