1997-NMSC-050

947 P.2d 128

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Juan Floyd GONZALES, Defendant–Petitioner.**

No. 23531.

Supreme Court of New Mexico.

Sept. 24, 1997.

T. Glenn Ellington, Chief Public Defender, Sue A. Herrmann, Assistant Appellate Defender, Santa Fe, for Defendant–Petitioner.

Tom Udall, Attorney General, Joel Jacobsen, Assistant Attorney General, Santa Fe, for Plaintiff–Respondent.

*OPINION*

MINZNER, Justice.

(1) Defendant Juan Floyd Gonzales appeals his convictions for felony DWI under NMSA 1978, § 66–8–102(G) (1994, prior to 1997 amendment). He contends the court erred in relying on his prior DWI convictions because he was not represented by counsel when he was convicted. Further, he contends that the court erred in enhancing his sentence, because the Legislature did not intend that NMSA 1978, § 31–18–17 (1993) (providing for alteration of basic sentence of habitual offender), apply to felony DWI. We affirm Gonzales' conviction for felony DWI. We reverse his sentence and remand for resentencing.

### I.

(2) Following a jury trial, Gonzales was convicted of DWI contrary to Section 66–8–102(G), careless driving contrary to NMSA 1978, § 66–8–114 (1969), and driving on a suspended or revoked license contrary to NMSA 1978, § 66–5–39 (1994). The State filed an amended supplemental criminal information alleging four prior felony convictions.

(3) At the hearing on the supplemental information, Gonzales admitted the prior felony convictions contained in the information. Gonzales also admitted three prior DWI convictions. The State introduced documentary evidence of three prior convictions for DWI, which evidence included waivers of counsel signed by Gonzales and by a magistrate judge. Gonzales argued that the State's proof was insufficient because his waivers of counsel were not knowing, intelligent, or voluntary, and thus his convictions were void because he lacked counsel.

(4) The documentary evidence showed that Gonzales was convicted of DWI in August 1980. He was not represented by counsel. The record indicates he was then on probation in connection with another offense. He testified that the magistrate court judge told him that if he fought the citation, the judge would revoke his probation and send him to jail for five years. Gonzales pled guilty and was sentenced to thirty months. The sentence was suspended on condition that he pay a fine and spend nights in the Ruidoso Village jail.

(5) The documentary evidence showed Gonzales was convicted of DWI again in January 1987. He was not represented by counsel. As indicated by the record, he was on probation at this time also. Gonzales pled guilty and was sentenced to 364 days; he served sixty-one days.

(6) The documentary evidence showed Gonzales was convicted of DWI again in March 1992. He was not represented by counsel. He testified that the magistrate judge told him to plead guilty and that, if he did, two friends of his who had been arrested with him would be released. Gonzales was sentenced to 364 days. There was also evidence of a fourth DWI conviction in 1977, in the form of Gonzales' own admissions. He testified that he had agreed to the disposition of that case without an attorney because he did not want to go to jail.

(7) The prosecutor offered to call as a witness the magistrate court judge who had signed the waivers of counsel. The district court ruled that the State had carried its burden of proving three prior DWI convictions. The court also ruled that the evidence showed Gonzales had waived his right to counsel and that he had done so knowingly, intelligently, and voluntarily. The court said the State was not required to produce the judge. The court sentenced Gonzales to ten-and-one-half years imprisonment.

(8) Gonzales appealed. The Court of Appeals affirmed his conviction summarily. We granted certiorari. *State v. Gonzales,* NMCA No. 16,564, slip op. (January 24, 1996), *cert. granted,* 121 N.M. 499, 914 P.2d 636 (1996).

### II.

(9) Gonzales contends that his constitutional rights to due process were violated when he was convicted of felony DWI, based on three convictions at which he was not represented by counsel. He acknowledges that he signed a written waiver of counsel during each of the three proceedings that resulted in a conviction. He argues that he

introduced evidence he did not knowingly, intelligently and voluntarily waive his rights to counsel, which evidence the State failed to rebut.

█ (10) After *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), a defendant charged with a misdemeanor is not entitled to counsel as a matter of federal due process unless sentenced to a term of imprisonment. In *Scott*, a defendant had been convicted of shoplifting and fined in a proceeding at which he had not been represented by counsel. The United States Supreme Court refused to reverse his conviction and held he had not been denied his Sixth Amendment right to counsel. In *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), the United States Supreme Court reversed a sentence that was enhanced from a misdemeanor conviction to a felony because of a prior conviction for the same offense. The defendant had not been represented by counsel when convicted of the prior offense. In a per curiam opinion, the Supreme Court referred readers to the concurring opinions for a variety of rationales supporting the result. *Baldasar*, 446 U.S. at 224, 100 S.Ct. at 1586. Recently, the United States Supreme Court affirmed *Scott*, but overruled *Baldasar*, holding that, as a matter of federal constitutional law, "[A]n uncounseled misdemeanor conviction, valid under *Scott* because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." *Nichols v. United States*, 511 U.S. 738, 749, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745 (1994).

(11) The Court of Appeals recently applied *Nichols* in *State v. Hosteen*, 1996 NMCA 084, 122 N.M. 228, 923 P.2d 595, *cert. granted*, 122 N.M. 227, 923 P.2d 594 (1996). We granted certiorari in *Hosteen* in order to consider the applicability of the answer to a question raised in other cases, which is whether our state constitution requires a different result. We granted certiorari in this case on the belief that Gonzales' first issue also raised the question whether our state constitution requires a different result than the United States Supreme Court has held the federal constitution requires. After reviewing the record in this case and considering the briefs,

we are persuaded that we need not reach the question of whether our State constitution requires a different result than *Nichols* holds the federal constitution requires. In this case, all three prior convictions resulted in a sentence of imprisonment. This case falls under *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

█ (12) In *Argersinger*, the United States Supreme Court reversed a Florida state court decision which had affirmed a conviction that resulted in a ninety-day jail sentence. The United States Supreme Court held that no person may be deprived of liberty, as the result of a criminal prosecution in which that person was deprived of counsel, and that the classification of an offense, as a felony, misdemeanor or petty, was irrelevant. *Argersinger*, 407 U.S. at 37, 92 S.Ct. at 2012. We recognize that *Nichols* cites *Scott* as having been dictated by "the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment," that *Nichols* describes the premise as "eminently sound," and that *Nichols* holds it justifies "adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel...." *Nichols*, 511 U.S. at 743, 114 S.Ct. at 1926 (quoting *Scott*, 440 U.S. at 373, 99 S.Ct. at 1162). Counsel for Gonzales and for the State have indicated some doubt whether the convictions in this case should be treated as convictions that resulted in actual imprisonment. They note that the 1980 conviction resulted in a suspended or deferred sentence, and that Gonzales, as a matter of a condition imposed by the magistrate, spent some nights in jail. Notwithstanding the reference to "actual imprisonment" in *Scott*, quoted in *Nichols*, we understand the line of authority of which *Nichols* is a part as adopting a bright line that divides convictions resulting in a sentence of imprisonment from those that result in a fine or other penalty. *See Scott*, 440 U.S. at 373–74, 99 S.Ct. at 1162 ("We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant *be sentenced* to a term of imprisonment unless the State has afforded him the

right to assistance of appointed counsel in his defense.") (emphasis added). A court cannot, in compliance with the U.S. Constitution, sentence a defendant to imprisonment without affording the right to counsel. *United States v. Reilley,* 948 F.2d 648, 654 (10th Cir.1991) ("[T]he constitutional right to counsel limits ... the sentence that may be imposed. By denying the defendant counsel, the court effectively waives its right to sentence him to prison."). It is irrelevant that a sentence of imprisonment imposed against a defendant is suspended; the sentence itself constitutes the deprivation of liberty necessitating a right to counsel. *Reilley,* 948 F.2d at 654 ("If a defendant cannot be ordered to serve a sentence of imprisonment, it seems obvious that a conditional sentence of imprisonment is equally invalid."). *But see Griswold v. Commonwealth,* 252 Va. 113, 472 S.E.2d 789, 791 (1996) (holding suspended sentence not "actual imprisonment" under *Nichols* and *Scott* ). Here, all three prior convictions resulted in a sentence of some confinement. Thus, unless Gonzales waived his right to counsel, he was entitled to counsel before he decided whether or not to plead guilty. We next address the particular issue raised in this case, which is whether the court correctly determined his written waivers of that right were knowing, intelligent and voluntary.

### III.

█ (13) Gonzales asserts that because he challenged whether he voluntarily signed the waivers at issue, the State had the burden to produce additional evidence to refute his allegations. We disagree.

█ (14) The State had the burden of persuasion; that is, the State was required to show the validity of the prior convictions. *See State v. Garcia,* 95 N.M. 246, 250–51, 620 P.2d 1271, 1275–76 (1980); *State v. O'Neil,* 91 N.M. 727, 729, 580 P.2d 495, 497 (Ct.App. 1978). As stated in *State v. Duncan,* 1994 NMCA 030, 117 N.M. 407, 872 P.2d 380:

By introducing evidence that Defendant was the same person who was convicted of the previous crimes, the State thus established a prima facie case. *See State v. Garcia,* 95 N.M. 246, 250, 620 P.2d 1271,

1275 (1980). Once the State's exhibits establish a prima facie case that a defendant has previously pleaded guilty to [the prior offenses], the defendant is entitled to bring forth contrary evidence, but it is his burden to do so. *Id.; cf. State v. O'Neil,* 91 N.M. 727, 729, 580 P.2d 495, 497 (Ct.App.) (affirmative burden not on the state where the record in a habitual offender proceeding is silent as to the validity of the conviction), *cert. denied,* 91 N.M. 491, 576 P.2d 297 (1978).

*Id.* at 412, 872 P.2d at 385. For the following reasons, we hold that the State met its burden of proving that Defendant voluntarily, knowingly, and intelligently waived his right to counsel. Thus, the district court did not err in relying on those prior convictions to enhance Defendant's DWI conviction from a misdemeanor to a felony.

█ (15) Once a defendant expressly waives his right to counsel, as Defendant did by signing waivers of counsel, he is bound by his waiver unless he can "carry his burden of proving an ineffective waiver of assistance of counsel." *United States v. Williamson,* 806 F.2d 216, 220 (10th Cir.1986).

Where the accused is found to have expressly waived counsel, as here, the burden falls on him to show by a preponderance of the evidence that his acquiescence was not sufficiently understandingly and intelligently made to amount to an effective waiver.

*Bortmess v. Rodriguez,* 375 F.2d 113, 114 (10th Cir.1967).

(16) Gonzales sought to carry his burden with his testimony concerning statements made to him in Magistrate Judge Wheeler's courtroom. On appeal, he asserts that his testimony was "not rebutted by the [S]tate." This is true in the technical sense that the State did not call a rebuttal witness after Gonzales finished testifying. Rule 5–607(H) NMRA 1996 (prosecution may present rebuttal evidence after defense rests). Nevertheless, his testimony was not uncontroverted.

█ (17) We assume but need not decide that, if believed, Gonzales' testimony would have supported a determination by the trial court that he had not waived his right to

counsel voluntarily. Nevertheless, at a bare minimum, signed, written waivers of counsel, witnessed and countersigned by a judge, must be considered prima facie evidence of compliance with the requirements of the rule. The State's prima facie showing rebutted Defendant's testimony sufficiently to raise a factual issue for the district court. *Cf. Garcia,* 95 N.M. at 251, 620 P.2d at 1276 ("The State ... failed to produce *any* direct evidence contesting Garcia's claims.")

(18) As the record of the hearing on the supplemental information makes clear, Judge Grisham did not consider it necessary to hear the rebuttal evidence before deciding the issue. She made a credibility determination, weighed the evidence, and determined that rebuttal evidence would be superfluous. Determining credibility and weighing evidence are tasks entrusted to the trial court sitting as fact-finder. The trial court was free either to disbelieve Defendant's allegations or to reject the inference he asked the court to draw. *See State v. Sutphin,* 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (fact-finder may reject defendant's version of events). We conclude that the State carried its initial burden of establishing a prima facie case and that Gonzales' testimony was insufficient to compel a different factual determination.

### IV.

(19) Gonzales also argues that the trial court erred in enhancing his sentence by eight years as an habitual offender. We agree. In *State v. Anaya,* 1997 NMSC 10, 123 N.M. 14, 933 P.2d 223 (1996), this Court held, "[T]he Legislature did not intend that defendants convicted of a fourth · or subsequent DWI offense should be subject to enhancement under both the felony DWI provision and the habitual offender statute." *Anaya,* 1997 NMSC 10, ¶ 3, 123 N.M. 14, 933 P.2d 223. Therefore, that portion of his sentence that has been enhanced must be reversed.

### V.

(20) For the foregoing reasons, we affirm Gonzales' conviction for a fourth offense of driving while intoxicated under Section 66–8–102(G). We reverse the enhancement of his sentence by eight years as an habitual offender under Section 31–18–17. We remand for entry of an amended judgment and sentence.

(21) **IT IS SO ORDERED.**

FRANCHINI, C.J., and BACA, SERNA and McKINNON, JJ. concur.