This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**YVONNE GARDEA,**
**N/K/A YVONNE GALLEGOS,**

    Petitioner-Appellee

v.                                     **NO. 30,080**

**ROBERT GARDEA,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield , District Judge**

Lynda M. Latta
Albuquerque, NM

for Appellee

Robert Gardea
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Respondent, pro se, appeals from the district court's order denying his motion to amend the division of the military retirement benefits in the divorce decree and the court's order denying reconsideration. We issued a notice of proposed summary

disposition proposing to affirm. In response to our notice, Respondent filed a memorandum in opposition, a supplemental record proper, exhibits, and transcripts. We have considered the response and the more complete record and remain unpersuaded. We affirm.

At issue is whether the divorce decree, entered in September 2006, reflects a mistake in the percentage of the military retirement benefits to which Petitioner is entitled. [DS unpaginated 2-3] Respondent argues that 11.6% of the military retirement benefits belong to the community, not to Petitioner alone. [Id.] Respondent contends that the mistake was not immediately apparent to him because the $125 per month that was provided for in the marital settlement agreement (MSA) is around half of the 11.6%. [Id. 1-4]

Because Respondent's claim of error rests on factual grounds, we review the district court's ruling under Rule 1-060(B) NMRA for an abuse of discretion. *See Edens v. Edens*, 2005-NMCA-033, ¶ 13, 137 N.M. 207, 109 P.3d 295. "To reverse the trial court under an abuse-of-discretion standard, it must be shown that the court's ruling exceeds the bounds of all reason . . . or that the judicial action taken is arbitrary, fanciful, or unreasonable." *Id.* (internal quotation marks and citation omitted).

Respondent filed his motion under Rule 1-060(B) over a year after the entry of the divorce decree, which limits the grounds on which he can seek relief. *See* Rule 1-060(B)(6). Under the facts of this case, Respondent must establish that exceptional circumstances exist for the district court to exercise its equitable power to provide relief. *See id.*; *Edens*, 2005-NMCA-033, ¶ 24. Respondent does not argue his case

in these terms on appeal. He argues that the district court should have enforced the provision in the MSA providing that Petitioner is entitled to $125 per month in military retirement benefits.

In our notice, we explained to Respondent that he did not satisfy his burden of providing this Court with sufficient information to decide his appellate issues, and therefore, he did not demonstrate error. Instead of explaining the parties' arguments below, how he established that exceptional circumstances exist, the grounds on which the district court ruled, and why the findings of fact are not supported by substantial evidence, Respondent filed a supplemental record proper, exhibits, and transcripts. This does not satisfy his burden on appeal. It is not this Court's obligation to comb the record to find support for the appellant's claims. *In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992). It is incumbent on the appellant to provide this Court with all the facts material to the issues raised, including those facts that support the ruling of the district court. *See* Rule 12-208(D)(3) NMRA (requiring that the docketing statement contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"). With a more complete record, however, we are able to assess the evidence Respondent claims supports his arguments and determine the grounds on which the district court ruled. [Supp. RP 418-22]

For support of his contentions, Respondent refers this Court to the letter from economist John Myers, Ph. D. [Exhibit 2], and Respondent's opening statements at the hearing on his motion. [DS unpaginated 4] Opening arguments are not evidence,

however, *see* UJI 14-101 NMRA, and to the extent that Respondent testified to that effect, the fact finder was free to disbelieve him. *See State v. Gonzales*, 1997-NMSC-050, ¶ 18, 124 N.M. 171, 947 P.2d 128. Furthermore, we agree with the district court that the letter from Mr. Myers does not clearly support Respondent's claim that the 11.6% of the military retirement benefits is community property. Nor does the letter support Respondent's contention that the parties agreed that Mr. Myers would perform the calculation for the parties or that the parties agreed that his calculations were correct. [SRP 420] The district court ruled that Respondent introduced no credible testimony that the parties agreed upon the evaluation of Mr. Myers, and this is a finding to which we defer. *See id.*

In addition, the district court ruled that even if one could read into Mr. Myers's letter that Petitioner was entitled to half of the 11.6% of the retirement benefits, the parties engaged in settlement negotiations after the letter from Mr. Myers and entered into a complicated, global settlement agreement that divided the community's total assets and debts in half, as evidenced by the distribution of property under the MSA. [RP 421] The court found that Respondent did not present any evidence that each asset was to be divided in half. [Id.]

As we stated in the notice, our reading of the plain language of the MSA supports Petitioner's view that the parties agreed she would receive 11.6% of the military retirement benefits and that the calculation of $125 per month reflected that percentage and was an estimate during a period of reduced benefits. [RP 125, 127, 378-79] "A voluntary marital settlement agreement entered into by both spouses is

4

sacrosanct and will not be upset by th[is C]ourt absent fraud, duress, mistake, breach of fiduciary duty, or other similar equitable grounds for invalidating [the] agreement." *Herrera v. Herrera*, 1999-NMCA-034, ¶ 18, 126 N.M. 705, 974 P.2d 675 (internal quotation marks and citation omitted). Respondent does not refer this Court to sufficient evidence indicating that he satisfied his burden of establishing mistake or exceptional circumstances to justify relief from the MSA under Rule 1-060(B)(6). Therefore, he has not shown that the district court abused its discretion by denying his motion.

For these reasons and those set forth in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**RODERICK T. KENNEDY, Judge**