This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                         **NO. 30,238**

**LEO J. SCHWARTZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Edmund H. Kase, III, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Leo J. Schwartz, III
San Antonio, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

    Defendant appeals, pro se, from the district court's order in a de novo trial, finding him guilty of failure to obey a traffic control device (failing to stop at a stop sign), and remanding the case back to magistrate court for imposition of the original

sentence. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded that Defendant has demonstrated error. We, therefore, affirm.

In his docketing statement, Defendant asked whether the magistrate and district courts erred by failing to apply NMSA 1978, Section 3-49-1(O) (1967), and *City of Las Cruces v. Rogers*, 2009-NMSC-042, 146 N.M. 790, 215 P.3d 728, which, he contends, would have compelled a dismissal of the alleged traffic violation. [DS 3] Our notice first explained that Defendant did not set forth the factual and legal arguments that he and the State made below or the basis for the district court's ruling, which are omissions that, alone, may constitute grounds for affirmance. Our notice nevertheless attempted to address Defendant's issue on the merits based on what we could glean from the tape log.

The record revealed the following. Conflicting evidence was presented to the district court about whether the alleged traffic infraction occurred on public or private property. [RP 24-25, 27-29] The district court determined that the case had to be resolved on credibility grounds, and that it believed the officer and the State's argument that Defendant failed to stop at the stop sign on public, not private, property. [RP 30-32] We explained that "[d]etermining credibility and weighing evidence are

tasks entrusted to the trial court sitting as fact-finder," and the fact finder is free to reject the defendant's version of events. *State v. Gonzales*, 1997-NMSC-050, ¶ 18, 124 N.M. 171, 947 P.2d 128.

The State argued that the citation was issued to enforce the state traffic code, not a municipal ordinance. [RP 30] The citation, the charging document, and the magistrate court's judgment on the criminal complaint support the State's assertion. [RP 4; 19] We accept factual recitations in the docketing statement as true unless the record on appeal shows otherwise. *See State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978).

Deferring to the fact finder that the traffic offense occurred on public property and because it appears Defendant was charged with a violation of the state traffic code, we stated that the authority upon which Defendant relied is inapplicable. *See Rogers*, 2009-NMSC-042, ¶ 16 (holding that "[p]ursuant to Section 3-49-1(O), the City lacked the authority to enforce its DWI ordinance on private property without the written consent of the property owner"). On these grounds, we saw no error.

In his response to our notice, Defendant does not directly address our proposed analysis and does not argue that the district court made legal error, or that its ruling was based on a non-credibility matter. Instead, Defendant recounts the testimony presented at trial, which is not materially different than our understanding from the

record. [DS 3-7] Also, he discusses his past traffic citations, why he believes he was being targeted by Socorro police, and addresses his federal civil suit against the police. [DS 7-13] Defendant has presented no new factual or legal argument that demonstrates error in this case.

For the reasons stated above and in our notice, we affirm.

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**MICHAEL D. BUSTAMANTE, Judge**