This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                                **No. 31,722**

**CLINT SENIOR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals his conviction for promoting prostitution and the enhancement of his sentence for being a habitual offender. [RP 177] Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to argue that the prosecutor engaged in misconduct by making statements that misled the jury to believe that his conviction could be premised on the crime of prostitution, rather than the crime of promoting prostitution. [MIO 4] In support of his continued argument, Defendant refers to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-59, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 5]

Defendant did not preserve an objection based on prosecutorial misconduct. *See State v. Laney*, 2003-NMCA-144, ¶ 33, 134 N.M. 648, 81 P.3d 591 (discussing preservation requirements for prosecutorial misconduct). Accordingly, we review Defendant's argument for fundamental error. [MIO 4] *See State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 ("When the trial court had no opportunity to rule on a claim of prosecutorial misconduct because the defendant did not object in a timely manner, we review the claim on appeal for fundamental error."). As provided in our notice, the prosecutor neither misstated the law nor mislead the jury. Rather, the prosecutor merely referred to the definition of prostitution [RP 162],

a necessary component of the charged crime of promoting prostitution. [RP 161] Thus, the prosecutor was merely explaining to the jury the foundational elements of the crime for which Defendant was charged, consistent with the submitted jury instructions. [RP 161, 162] Because the prosecutor did not mislead the jury or misstate the law, we hold that no error occurred. *Allen*, 2000-NMSC-002, ¶ 95 (stating that "[p]rosecutorial misconduct rises to the level of fundamental error when it is so egregious and had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial" (internal quotation marks and citation omitted)).

Defendant also continues to argue that the State presented insufficient evidence to support his conviction for promoting prostitution. [MIO 6] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citations omitted).

Here, Defendant's conviction for promoting prostitution required findings that he knowingly induced A.R. and/or J.M. to become a prostitute, or knowingly

procured, through promises, threats, duress or fraud, A.R. and/or J.M. to come into the State of new Mexico for the purpose of prostitution. [RP 161] As set forth in our notice, J.M. testified that she had "made two videos for a website with a girl", that she had a contract with Defendant, and that she drove to Pep, New Mexico using money wired to her by Defendant. [DS 5, 6] In addition, evidence was presented that A.R., who lives in Denver, Colorado [RP 122], came into New Mexico after calling a phone number on a website and talking to Defendant about a job that entailed, among other things, sex with males and video work with J.M. [RP 122-23] A.R. also testified that she had sex with Defendant. [MIO 7] We hold that the jury could have reasonably relied on the foregoing evidence to convict Defendant for promoting prostitution. *See* NMSA 1978, § 30-9-4(D)(H) (1981) (promoting prostitution); *see also State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction).

We acknowledge Defendant's argument that the evidence was insufficient because there was no evidence to corroborate J.M.'s testimony. [MIO 8] The jury, however, was entitled to weigh the evidence and assess the credibility of J.M.'s testimony. *See State v. Gonzales,* 1997-NMSC-050, ¶ 18, 124 N.M. 171, 947 P.2d 128 (holding that it is the fact-finder's prerogative to weigh the evidence and to

4

determine the credibility of the witnesses). We further acknowledge Defendant's argument that there was no evidence that A.R. actually agreed to perform sexual acts for hire [MIO 8] and that she never signed any contract to perform sexual acts. [MIO 7] Given evidence that A.R. came to New Mexico for a job that included having sex, the jury could infer that Defendant—through promises, threats, duress or fraud—knowingly procured her to come to the State for prostitution. *See State v. Barber*, 2004-NMSC-019, ¶ 33, 135 N.M. 621, 92 P.3d 633 (stating that we indulge all reasonable inferences from the evidence whether of a circumstantial or direct nature to support the verdict).

Based on the foregoing discussion, as well as the reasoning set forth in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____

**J. MILES HANISEE, Judge**