This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KIM HOOKER,**

Petitioner-Appellee,

**v.**                                                                     **No. 32,788**

**EVAN MILLER,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Ann Hadfield, District Judge**

Ross B. Perkal
Albuquerque, NM

for Appellee

Evan Miller
Rowe, NM

Pro se Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Respondent, pro se, appeals from the district court's order denying his objections to the order of protection and denying his motion for a hearing and a dismissal. *See* NMSA 1978, § 40-13-5(F) (2008) (permitting a party to "request a review hearing to amend an order of protection"). Unpersuaded that Respondent established error, we issued a notice of proposed summary disposition, proposing to affirm. Petitioner has filed a memorandum in support of our notice, and Respondent has filed a memorandum in opposition. We have considered both responses and remain persuaded that Respondent has not demonstrated error. We, therefore, affirm.

{2} Respondent listed four issues in his docketing statement. [DS 14] Our notice proposed to affirm for Respondent's failure to provide sufficient information for us to understand and address his issues. *See* Rule 12-208(D)(3)-(5) NMRA. We specifically explained what information Respondent should include in any response he might file and warned that the failure to comply would almost certainly result in affirmance. In his responsive memorandum, Respondent elaborates slightly, but does not provide us with the information we explained would allow a meaningful understanding of his complaints and how they arose and were addressed below. As a result, we rely on Petitioner's memorandum in support to understand Respondent's complaints and our presumption of correctness for the appropriate disposition. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that

there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). With this backdrop, we address Respondent's arguments to the best of our ability. *See Clayton v. Trotter*, 1990-NMCA-078, ¶¶ 15-16, 110 N.M. 369, 796 P.2d 262 (stating that the appellate court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments).

**"Objections to Jurisdiction"**

{3}     Respondent argues that he was not properly served. [MIO 4-5] Respondent does not explain with what or by whom he was not properly served. Petitioner's memorandum indicates that Respondent is referring to the temporary order of protection and order to appear filed on December 28, 2012. [RP 14-16] Contrary to the instructions in our calendar notice, Respondent does not explain how he preserved his service argument below. Petitioner states that Respondent did not raise his jurisdictional objections at the hearing or in any related pleadings, and notes that there is no indication of his objection at the special commissioner's hearing. [MIS 3] "[A] trial court can be expected to decide only the case presented under issues fairly invoked." *Lozoya v. Sanchez*, 2003-NMSC-009, ¶ 38, 133 N.M. 579, 66 P.3d 948 (alteration in original) (internal quotation marks and citation omitted). "Thus, we require a party to invoke a ruling or decision by the district court to preserve a

question for review." *Id.*; *see also* Rule 12-216(A) NMRA. "Appellate courts will not consider issues that went unpreserved at the district court level." *Andalucia Dev. Corp. v. City of Albuquerque*, 2010-NMCA-052, ¶ 25, 148 N.M. 277, 234 P.3d 929. We note that even if service was defective, it is a defense that must be properly raised or it is waived. *See* Rule 1-012(H)(1) NMRA. By not raising this issue and appearing, Respondent waived any defects in service.

{4}     In addition, Petitioner points out that the record reflects that an affidavit of service was filed on January 3, 2012. [RP 17] Therefore, the record contradicts Respondent's assertion. *See State v. Calanche*, 1978-NMCA-007, ¶ 10, 91 N.M. 390, 574 P.2d 1018 (stating that the facts in the docketing statement will be accepted as true, unless the record shows otherwise).

{5}     Under these circumstances, we reject Respondent's assertion that service was defective.

**"Improper Exclusion of Evidence"**

{6}     It appears that Respondent complains that the special commissioner excluded an affidavit. [MIO 8-9; MIS 4-6] Respondent specifically addresses only the affidavit of Larry Vigil, but he does not explain the basis for the exclusion of it. [MIO 8] Petitioner indicates that the affidavit was excluded on the basis of hearsay, because it was offered to prove the truth of the matters asserted therein and Mr. Vigil did not

4

appear and testify as a witness. [MIS 5] Because, contrary to the admonition in our notice, Respondent has not provided this Court with sufficient information to understand and decide his issue, we presume correctness and affirm the exclusion.

**"Violation of Procedural and Substantive Due Process"**

{7}    It appears that Respondent complains that the special commissioner's denial of his requests for continuances denied him due process. [MIO 5-6; MIS 6] Respondent asserts that the special commissioner and district court made errors in calculating the days within which Respondent was permitted to retain counsel. [MIO 5-6] Respondent does not provide us with the requisite factual background to meaningfully address his issue.

{8}    Petitioner explains the following. After the issuance of a temporary restraining order, in accordance with the rules, an evidentiary hearing was scheduled for January 9, 2013. [MIS 7] Respondent filed two motions for continuances: on December 28, 2012, and on January 17, 2013. [RP 12, 18; MIS 6-7] The special commissioner granted Respondent's first motion, and rescheduled the hearing for January 23, 2013. [RP 27-28; MIS 7] The district court denied Respondent's second motion for a continuance because he had failed to retain counsel to represent him, which was the purpose of the first continuance and vacation of the hearing. [RP 19; MIS 7] The district court's order denying the continuance noted that Respondent had over thirty

5

days to retain counsel and that parties may proceed pro se. [RP 19] Respondent complains that he was given nineteen days, not over thirty days, to obtain counsel. [DS 5]

{9} We review a district court's denial of a motion for continuance for abuse of discretion. *See Paragon Found., Inc. v. State Livestock Bd.*, 2006-NMCA-004, ¶ 31, 138 N.M. 761, 126 P.3d 577. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. A movant must show that he or she was prejudiced by the denial of a continuance to warrant reversal. *See State v. Rivera*, 2009-NMCA-132, ¶ 43, 147 N.M. 406, 223 P.3d 951; *State v. Pennington*, 1993-NMCA-037, ¶ 37, 115 N.M. 372, 851 P.2d 494.

{10} It appears that Respondent correctly points out that there was a miscalculation in the amount of days he was given to retain counsel. Respondent does not demonstrate or even argue, however, that if he were given more time he would have retained counsel or that the result of the case would have been different. "On appeal, error will not be corrected if it will not change the result." *In re Estate of Heeter*, 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990. Respondent's second motion for a continuance, which was denied, indicates that Respondent lacked the funds to retain counsel. [RP 18] He gives no indication how an additional continuance would

6

have resolved that matter. Also, it appears that Respondent competently represented himself and appropriately sought relief throughout the proceedings. Respondent does not establish that the case would have been resolved differently if he were represented by counsel. In addition, we observe that the trial court was free to reject Respondent's explanation for not retaining counsel or otherwise judge the usefulness of a continuance. *See State v. Gonzales*, 1997-NMSC-050, ¶ 18, 124 N.M. 171, 947 P.2d 128 ("Determining credibility and weighing evidence are tasks entrusted to the trial court sitting as fact-finder. The trial court was free either to disbelieve [a party's] allegations or to reject the inference [the party] asked the court to draw."); *Rivera*, 2009-NMCA-132, ¶ 43 (recognizing that rulings on motions for a continuance are left to the sound discretion of the trial court). For these reasons, we affirm the district court's denial of Respondent's second motion for a continuance.

**Sufficiency of the Evidence**

{11}     We construe Respondent's remaining comments as challenges to the sufficiency of the evidence, as we did in our calendar notice. Despite our admonition, Respondent has not provided this Court with a summary of all the evidence that was presented below. Because Respondent has not provided this Court with sufficient facts to address this issue, and in the absence of such information in the record available on the summary calendar, we presume that sufficient evidence was presented to support

7

the protective order, to the extent required to affirm. *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 (stating that "[u]pon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision and the appellate court will indulge in reasonable presumptions in support of the order entered") (internal quotation marks and citation omitted).

{12}    "When reviewing the sufficiency of the evidence, we view the facts in the light most favorable to the decision below." *See Lujan v. Casados-Lujan*, 2004-NMCA-036, ¶ 15, 135 N.M. 285, 87 P.3d 1067. "We resolve all conflicts and, importantly, indulge in all inferences to support that decision." *Id.*

{13}    NMSA 1978, § 40-13-2(D)(2) (2010), defines domestic abuse as the following:

an incident by a household member against another household member consisting of or resulting in:
  (a) physical harm;
  (b) severe emotional distress;
  (c) bodily injury or assault;
  (d) a threat causing imminent fear of bodily injury by any household member;
  (e) criminal trespass;
  (f) criminal damage to property;
  (g) repeatedly driving by a residence or work place;
  (h) telephone harassment;
  (i) harassment; or
  (j) harm or threatened harm to children as set forth in this paragraph[.]

{14} Based on the allegations in the petition for the order of protection, which we presume Petitioner adequately proved at the hearing, we hold that she demonstrated that Respondent's actions fell within the terms of the statute. Petitioner's memorandum in support indicates that she testified consistently with the statements in her petition and that she presented forty-six pages of documentary evidence to support her allegations. [MIS 9] She presented evidence that most recently Respondent broke into her home, stole their mother's jewelry and silver, and let her dogs loose in the neighborhood; and in the same day, Respondent appeared at Petitioner's office to deliver flowers by pushing past the receptionist and placing the flowers on Petitioner's desk. [MIS 8] Petitioner also presented evidence of Respondent's history of harassing Petitioner as trustee of their mother's estate, including fraudulently changing the address of their deceased mother to obtain her mail, applying for credit cards in their deceased mother's name, filing a federal lawsuit against Petitioner in her role as trustee, threatening to assume guardianship of their mother in 2009, and writing threatening emails to Petitioner from June to August 2012. [MIS 8-9] It appears that Respondent became threatening during the protective order hearing and that the special commissioner sought the protection of security officers for the duration of the hearing. [MIS 9] Petitioner testified that she was afraid of Respondent and concerned that his harassing behavior had escalated. [Id.] We hold

9

that this is sufficient evidence that Respondent acted in an abusive manner as contemplated by Section 40-13-2(D)(2).

**{15}** To the extent that Respondent relayed a different version of events, characterized his behavior differently, and claimed that Petitioner fabricated the allegations as part of a broader scheme to victimize Respondent, the finder of fact is free to reject these arguments. *See State v. Vigil*, 1975-NMSC-013, ¶ 16, 87 N.M. 345, 533 P.2d 578 (holding that it is for the fact finder to determine the credibility of the witnesses and the weight to be given to their testimony, and the fact finder may reject a defendant's version of an incident); *Buckingham v. Ryan*, 1998-NMCA-012, ¶ 10, 124 N.M. 498, 953 P.2d 33 ("[W]hen there is a conflict in the testimony, we defer to the trier of fact."). "It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case." *State v. Gonzales*, 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355. "The question [for us on appeal] is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177. "[W]e will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Id.*

{16} Viewing the facts of which we are aware in the light most favorable to the decision below, we hold that sufficient evidence was presented. For the reasons stated in this opinion and in our notice, we affirm the district court's order of protection.

{17} **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

11