This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    NO. A-1-CA-36428

**SCOTT MALLORY**,

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**T. Glenn Ellington, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Tova Indritz
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VARGAS, Judge.**

{1}     The State appeals the district court's order suppressing evidence that Defendant

possessed photos of nude girls under the age of eighteen, in violation of NMSA 1978,

§ 30-6A-3(A) (2016), a fourth degree felony. We affirm the district court's suppression order because the State's arguments on appeal are either unpreserved or do not address the issue that was developed and decided in the district court.

**BACKGROUND & DISCUSSION**

**The Facts**

{2}     The following facts were found by the district court and are those most favorable to the prevailing party. *See State v. Rowell*, 2008-NMSC-041, ¶ 8, 144 N.M. 371, 188 P.3d 95 ("We review the contested facts in a manner most favorable to the prevailing party and defer to the factual findings of the district court if substantial evidence exists to support those findings."). Prior to Defendant's arrest in this matter, Defendant confided to his wife that he had "inappropriate photos" on his computer. Sometime after Defendant made this statement to his wife, Defendant and his wife had a marital dispute. As a result of this dispute, Defendant's wife and stepdaughter left home without telling Defendant and took his computer with them. The wife gave the computer to police and told them that Defendant "was possibly viewing child pornography." Police obtained a search warrant based on the wife's version of events at that time: that she "accidentally looked in the recycle bin" of Defendant's computer and found photos of nude girls that appeared to be under the age of eighteen. After viewing the photos on the computer pursuant to the search warrant, police charged Defendant with one count of sexual exploitation of children.

**The Motion**

{3}     Defendant filed a motion to suppress, asking the district court to suppress all evidence against Defendant that was obtained contrary to the spousal privilege under Rule 11-505 NMRA. *See* Rule 11-505(B) ("A person has a privilege . . . to prevent another from disclosing[] a confidential communication by the person to that person's spouse while they were married."). Attached to the suppression motion was Defendant's affidavit. The affidavit stated that the only reason his wife knew that he had inappropriate photos on his computer was because he had previously told her about them in confidence. Defendant argued that the entire basis for the search and seizure of Defendant's computer was this confidential statement he made to his wife. Therefore, he asserted, evidence of the photos should be suppressed because its ultimate discovery by police stemmed solely from a privileged spousal communication.

{4}     Defendant made another argument in his suppression motion specifically challenging the validity of the search warrant, apparently in response to a statement by our Supreme Court in *State v. Allen* that the defendant in that case did not challenge the validity of the search warrant. 2000-NMSC-002, ¶¶ 23-24, 128 N.M. 482, 994 P.2d 728 (declining to decide whether the spousal privilege applies to statements in support of a search warrant application because the defendant did not challenge the search warrant's validity, the remaining non-privileged information in

3

the search warrant affidavit was sufficient to establish probable cause, and the defendant waived the privilege by disclosing his statement to third parties). Defendant argued, essentially, that the spousal privilege applied to all of the wife's statements in the search warrant because those statements stemmed solely from the privileged communication, which left no non-privileged information from which to establish probable cause.

**{5}** The State's response to the suppression motion was based solely on the facts stated in the search warrant affidavit: that the wife had discovered the photos "accidentally" when she "opened the recycle bin" on Defendant's computer and that these independent observations of Defendant's conduct did not constitute a confidential communication. *See State v. Teel*, 1985-NMCA-115, ¶ 10, 103 N.M. 684, 712 P.2d 792 ("Observations by one spouse of the non-communicative acts of the other . . . are not confidential communications."). Notably, in its response, the State neither acknowledged, nor challenged, the affidavit that Defendant attached to his suppression motion that set forth a different set of facts from those in the search warrant affidavit.

**The Hearing**

**{6}** At the suppression hearing, the district court began by asking whether any witnesses would be testifying. The prosecutor replied, "No, . . . my understanding in reading the response motion from the State is that this is an argument based on the

4

four corners of the search warrant and whether based off of that search warrant a spousal communication exists." Defense counsel, however, explained that Defendant's affidavit attached to the suppression motion was the basis for the spousal privilege claim. The district court noted that there was a factual dispute between the search warrant affidavit and Defendant's affidavit as to how Defendant's wife came to know about the photos on Defendant's computer. Defendant then offered to have the wife testify that the reason she took Defendant's computer with her when she left after the marital dispute was because she knew the photos were on the computer from a previous conversation she had with her husband. The district court did not accept defense counsel's offer to have the wife testify.

{7} The prosecutor's argument during the suppression hearing, like the argument in the State's response to the motion, was limited to the facts as they were portrayed by police in the search warrant affidavit: that the wife's "stumbl[ing] upon" the photos "in the trash bin" of Defendant's computer did not in itself constitute a privileged statement between husband and wife. The prosecutor did not assert that the district court was not permitted to consider Defendant's affidavit. His only reference to Defendant's affidavit was his assertion that whether the wife knew anything about the photos beforehand was "irrelevant."

**The Issue**

{8} On at least two occasions during the hearing, the district court sought to clarify

5

the issue before it.

> Judge: So the issue is [the wife's] basis of knowledge for the existence of those photos.
>
> Defense Counsel: Exactly.
>
> . . . .
>
> Judge: So you're arguing that her use of that knowledge for any purpose is privileged.
>
> Defense Counsel: Yes.
>
> Judge: Okay, I understand the argument.

**The Order**

{9}     In determining how the district court resolved this issue, we find it helpful in this case to consider both the district court's oral findings and conclusions and the written order that was based on those findings and conclusions. *See generally Burris-Awalt v. Knowles*, 2010-NMCA-083, ¶ 10, 148 N.M. 616, 241 P.3d 617 ("[W]hile all of a district court's findings of fact and conclusions of law should typically be reduced to writing and entered along with the final order, failure to do so is not fatal if the findings and conclusions are part of the transcript on appeal."). At the end of the hearing, the district court made the following oral findings and conclusions:

> 1.     Husband and wife were engaged in a domestic dispute.
>
> 2.     As a result of that . . . the wife left the residence and took with her her daughter as well as . . . Defendant's computer.

3. The purpose . . . is that she knew or believed that he might have pornography on the computer and that she wanted to preserve that.

4. There's no language in the affidavit as to whether or not that's done for leverage in the dispute or for some other purpose.

. . . .

5. Defendant did not have an opportunity to assert his spousal privilege.

6. The basis of [the wife]'s knowledge and her reason for taking the computer was based upon a communication that was had between husband and wife.

7. [Defendant] has now properly noticed that he intends to assert his privilege.

8. . . . Under [Rule] 11-505[,] . . . the privilege is valid.

9. The information contained on the computer and the basis of the information presented to the magistrate in securing the search warrant violated the . . . spousal privilege, and as such, the information on the computer and any statements made by [Defendant] as a result of questioning are suppressed.

The written order prepared by defense counsel contained findings and conclusions similar to, but not exactly how they were phrased by the district court. The order states, in pertinent part:

2. Defendant communicated to his wife in private, that he had inappropriate photos on his computer prior to the alleged incident in the above matter[.]

3. . . . pursuant to a marital dispute, wife left the marital home with Defendant's computer and her daughter.

7

4.    . . . wife told the police that Defendant was 'possibly viewing child pornography' and presented Defendant's computer and phone to the police.

5.    Wife disclosed information to police that was privileged communication and learned as a result of her status as Defendant's wife.

. . . .

2.    [T]he spousal privilege was not waived by Defendant.

3.    Defendant after learning of the basis of his arrest, properly asserted his claim to spousal privilege.

. . . .

4.    . . . the spousal privilege was valid and properly asserted by Defendant in this matter.

**The Appeal**

{10}    In its docketing statement, the State appears to have understood the issue that was developed and decided by the district court to be: "Are a wife's independent actions, conducted when the spouse is not present, protected from disclosure by a previous confidential spousal communication that the spouse may be engaging in illegal activity?"

{11}    In its appellate briefs, however, the State's arguments are different from the arguments it made in the district court and its docketing statement. The basis of the State's argument on appeal is that the district court "overlooked" the "controlling rule" that "a review of the validity of an affidavit for a search warrant is limited to 'the

8

information contained in the four corners of the [search warrant] affidavit.' " The State does not address the issue that was developed and decided in the district court, it does not specifically attack any of the district court's oral or written findings, and the basis for its argument on appeal was not preserved in the district court. *See Am. Bank of Commerce v. U.S. Fid. & Guar. Co.*, 1973-NMSC-078, ¶ 2, 85 N.M. 478, 513 P.2d 1260 ("A party cannot change his theory on appeal.").

**{12}**     First, the State contends that the district court erred when it considered Defendant's affidavit in support of his suppression motion because that affidavit was outside "the four corners" of the search warrant affidavit. But, the prosecutor did not object to the use of Defendant's affidavit in the district court; he merely asserted that the information in that affidavit was "irrelevant." Therefore, this issue was not preserved. As the committee commentary to Rule 12-321 comm. cmt. NMRA explains:

> Preservation serves three primary purposes. First, preservation allows the trial court an opportunity to cure claimed errors. Second, it allows the opposing party a fair opportunity to respond to the claim of error and to show why the trial court should rule against that claim. And third, it creates a record from which the appellate court may make an informed decision.

(internal quotation marks and citation omitted). We will not determine whether the district court erred in considering Defendant's affidavit because the State did not give the district court and defense counsel an opportunity to consider that argument. *See*

9

Rule 12-321 comm. cmt.; *State v. Carlos A.*, 1996-NMCA-082, ¶ 8, 122 N.M. 241, 923 P.2d 608 ("The State, as any other party, is subject to the rule that it must make its contentions known in the [district] court.").

**{13}** Second, the State asserts that the search warrant was "validly issued" simply because the "four corners" of the search warrant affidavit contained no privileged statements. We note that the district court made no finding or conclusion that the search warrant was *not* validly issued. That is because the issue in the district court involved more than whether the search warrant affidavit on its face contained sufficient probable cause. The State does not go any further in its briefs to develop an argument, supported by authority, against the district court's decision that a defendant's prior confidential statement to his wife cannot be used for the purpose of investigating and prosecuting him in a criminal matter. And, the State does not specifically attack any of the oral or written findings and conclusions that made up the district court's order. Because the State's argument is undeveloped and inadequate in this regard, we do not address it. *See State v. Stephenson*, 2015-NMCA-038, ¶ 24, 346 P.3d 409 (declining to review the State's undeveloped argument on appeal); *see also* Rule 12-318(A)(4) NMRA ("The argument [in a party's brief-in-chief] shall set forth a specific attack on any finding, or the finding shall be deemed conclusive.").

**{14}** Third, the State argues that even if the search warrant affidavit contained information that was privileged, the fact that the wife and stepdaughter showed police

10

photos on their own cell phones of the images displayed on Defendant's computer screen, "was alone sufficient to establish probable cause." Again, this argument misses the mark. The district court found that the basis of the wife's knowledge of the photos in the first place was the privileged communication from Defendant; as a result, it suppressed all evidence obtained from the wife concerning the photos. Thus, it follows that the photos taken by the wife and stepdaughter on their cell phones of the inappropriate images on Defendant's computer screen would also be suppressed under the logic of the district court's decision. The wife and stepdaughter would not have been in the position to take those photos with their cell phones if it were not for Defendant confiding to his wife that the images were on his computer. Because the State has not provided any argument on the underlying issue that was developed and decided in the district court—whether any evidence from the wife can be used where that evidence stemmed from a privileged spousal communication—we do not reach the issue whether the wife's and stepdaughter's cell phone photos of the images on Defendant's computer screen were erroneously suppressed. *See Stephenson*, 2015-NMCA-038, ¶ 24 (declining to review the State's undeveloped argument on appeal).

**{15}** We understand that the search warrant affidavit stated that the wife discovered the photos "accidentally[,]" however, the district court determined that was not true. The district court believed Defendant's statement in his affidavit and found that the wife's knowledge of the photos came from the privileged communication, not from

11

an accidental, independent discovery. It is within the district court's purview to weigh the evidence and determine the credibility of witnesses and, in doing so, it may discard one party's version of events. *See State v. Gonzales*, 1997-NMSC-050, ¶ 18, 124 N.M. 171, 947 P.2d 128; *State v. Ortiz*, 2017-NMCA-006, ¶ 18, 387 P.3d 323. As such, the district court's finding regarding wife's knowledge is entitled to deference on appeal. *See State v. Ryon*, 2005-NMSC-005, ¶ 11, 137 N.M. 174, 108 P.3d 1032 ("We view the facts in the light most favorable to the prevailing party and defer to the district court's finding of . . . witness credibility when supported by substantial evidence."); *State v. Cordova*, 2016-NMCA-019, ¶ 7, 366 P.3d 270 (same). Given the State's concession for the purposes of this appeal that marital privilege applies to statements offered to support an application for a search warrant, and in light of our deference to the district court's credibility determination, we perceive no error in the district court's suppression of the evidence in this case.

**CONCLUSION**

{16}    We affirm district court's order suppressing evidence in this case.

{17}    **IT IS SO ORDERED.**

_____
                                    **JULIE J. VARGAS, Judge**

**WE CONCUR:**


_____

12

**LINDA M. VANZI, Chief Judge**

_____

**STEPHEN G. FRENCH, Judge**