STATE V. JOE

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**PRINCE A. JOE,**
**Defendant-Appellant.**

Docket No. A-1-CA-36672
COURT OF APPEALS OF NEW MEXICO
March 7, 2019

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY, Karen L. Townsend, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: JENNIFER L. ATTREP, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals the revocation of his probation. We previously issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Defendant renews his challenge to the sufficiency of the evidence to establish that he violated the terms and conditions of probation. [DS 5; MIO 5-9]

**{3}** As we previously observed in the notice of proposed summary disposition, [CN 2-3] the State presented evidence that Defendant violated an order of protection, thereby violating the terms and conditions of his probation. *See State v. McGee*, 2004-NMCA-014, ¶ 23, 135 N.M. 73, 84 P.3d 690 ("[V]iolation of an order of protection constitutes a crime[.]"). Defendant does not controvert this. [MIO 2-4, 7] Instead, Defendant challenges the sufficiency of the evidence to establish that the violation was willful. [MIO 1, 6-9] *See In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339 ("To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof.").

**{4}** Although willful conduct is a requisite, the State's proof of a breach of a material condition of probation is generally sufficient to give rise to a reasonable inference in this regard; the defendant bears the burden of presenting evidence to excuse non-compliance, by demonstrating that the violation was not willful. *See State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 ("[O]nce the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse."), *cert. granted*, 2018-NMCERT-___ (S-1-SC-36999, June 25, 2018); *State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99 ("Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence [to show that his non-compliance] was not willful.").

**{5}** As previously mentioned, in this case the State presented evidence that Defendant violated the terms and conditions of his probation by violating an order of protection. Additionally, Defendant admitted that he was aware of the order of protection. [MIO 4] This was sufficient to give rise to a reasonable inference that Defendant's violation was willful. *See Aslin*, 2018-NMCA-043, ¶ 9. Although Defendant attempted to rebut the State's showing by asserting that he assumed or believed the order of protection had been dismissed, [DS 4; MIO 7-8; RP 130, 132] Defendant does not dispute that he had merely been informed that the order of protection would expire. [DS 4; CN 4; MIO 7; RP 133] Under the circumstances, the trial court was free to disbelieve Defendant's testimony and to conclude that the violation was in fact willful. *See State v. Gonzales*, 1997-NMSC-050, ¶ 18, 124 N.M. 171, 947 P.2d 128.

**{6}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**