415 P.2d 552

STATE of New Mexico, Plaintiff-Appellee,

v.

Ernest Joe GUTIERREZ, Defendant-Appellant.

No. 7877.

Supreme Court of New Mexico.

June 20, 1966.

D. D. Archer, Artesia, Foster Windham, Carlsbad, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Roy G. Hill, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

Ernest Joe Gutierrez was charged with having violated § 64-13-68, N.M.S.A., 1953 Comp., a misdemeanor. After trial in the district court of Eddy County, conviction and sentence, the defendant has appealed.

For reversal, the appellant urges two points: (1) That the evidence was insufficient to justify an arrest without a warrant; and (2) that the trial court erred in overruling the appellant's motion to suppress illegally obtained evidence.

The evidence is undisputed that the operator's license of the appellant was re-

voked on September 9, 1963, for one year, following a plea of guilty to a charge of driving while intoxicated. The arrest for driving while license was revoked in this case occurred on May 14, 1964.

■ Two police officers testified that they saw the appellant driving a motor vehicle on a public street in Artesia, immediately preceding the arrest. One of the officers testified that he knew that the appellant "was on revocation" and that he stopped the appellant "to check his driving privileges." The appellant did not testify. Further recital of the evidence is not considered necessary. The arresting officers were justified in making the arrest without a warrant for a misdemeanor committed in their presence, and the ruling of the trial court on the appellant's motion was correct. Cave v. Cooley, 48 N.M. 478, 152 P.2d 886.

■ Appellant's second and final point is that the trial court erred in overruling his motion to suppress illegally obtained evidence. The appellant contends that the arrest, being unlawful, the evidence subsequently obtained was without due process of law. The contention is vulnerable in two particulars: (1) The arrest was not unlawful; and (2) the evidence was not obtained after the arrest. The arresting officers observed the appellant driving a motor vehicle on a public street. One arresting officer had prior knowledge that the operator's license issued to the appellant had been revoked. Investigation after stopping the appellant merely confirmed his prior knowledge.

The judgment will be affirmed.

It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.