574 P.2d 1018
**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Pascual B. CALANCHE,
Defendant-Appellee.**

**No. 3174.**

Court of Appeals of New Mexico.

Jan. 10, 1978.

Rehearing denied Jan. 23, 1978.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Chad Dickerson, Losee & Carson, P. A., Artesia, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The issue is the validity of defendant's delayed warrantless arrest for driving while under the influence of intoxicating liquor. Section 64–22–2, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). We discuss: (1) misdemeanor arrest; (2) *State v. Trujillo,* 85 N.M. 208, 510 P.2d 1079 (Ct.App.1973); (3) exigent circumstances which have no factual support; and (4) § 64–22–8.2, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2).

Defendant was involved in an automobile accident. Subsequent to the accident and while at a hospital, a state police officer arrested defendant for driving while under the influence of intoxicating liquor. Following the arrest, defendant's blood was tested for its alcoholic content. Section 64–22–2.6, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2). The trial court ruled the arrest was illegal and granted defendant's motion to suppress the test results. The State appealed.

After the taking of the blood sample, one of the accident victims died. Thereafter defendant was charged with homicide by vehicle. This homicide charge is not pertinent in determining the validity of defendant's initial arrest for driving while under the influence of intoxicating liquor; it is undisputed that the arrest which resulted in the blood alcohol test was the initial arrest.

### Misdemeanor Arrest

*Cave v. Cooley,* 48 N.M. 478, 152 P.2d 886 (1944) holds that a duly authorized peace officer may make a warrantless arrest for a misdemeanor offense if the officer has probable cause to believe the offense is being committed in the officer's presence.

Under § 64–10–7, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2), and the penalty provisions of § 64–22–2, supra, the offense of driving while under the influence of intoxicating liquor was a misdemeanor. See *State v. Sawyers,* 79 N.M. 557, 445 P.2d 978 (Ct.App. 1968). There is no claim that this offense was committed within the officer's presence; the inference from the evidence is that defendant's driving ended with the accident and this was before the officer arrived on the scene. Compare *City of Roswell v. Mayer,* 78 N.M. 533, 433 P.2d 757 (1967); *State v. Gutierrez,* 76 N.M. 429, 415 P.2d 552 (1966).

Under *Cave v. Cooley, supra,* the arrest at the hospital was not a valid warrantless misdemeanor arrest. The law of misdemeanor arrest, however, is pertinent to the validity of defendant's arrest under § 64–22–8.2, supra. This will be brought out in our discussion of that statute.

### State v. Trujillo, supra

The State asserts that *State v. Trujillo, supra,* decided the question of the validity of defendant's arrest. The facts in *Trujillo* are similar—defendant was in an accident and was arrested at the hospital for driving while intoxicated. The issue discussed in *Trujillo* was probable cause for arrest. *Trujillo* does not discuss, and does not decide, the issue in this case. That issue is the validity of an arrest for a misdemeanor not committed in the officer's presence when the arrest was not made at the accident scene.

### Exigent Circumstances

Defendant was not arrested at the scene, he was arrested at the hospital. The State asserts exigent circumstances justified the delay in arrest. The exigent circumstances are asserted to be:

The State Police Officer in charge at the location of the accident ordered the defendant, along with the others, be removed to the hospital in Artesia. While the defendant was in the hospital for the treatment of his injuries, State Police Officer Billy Jack Taylor ordered that a blood alcohol sample be taken from him.

We do not consider whether the assertions in the quotation show exigent circumstances for a delayed arrest. We do not do so because the facts alleged in the quotation are not supported by the record. No such evidence was introduced at the evidentiary hearing and there is nothing in the district court file supporting the quotation.

The quotation appears in the docketing statement filed by the assistant district attorney. The factual allegations in the quotation were not challenged by defendant. We have stated that facts recited in the docketing statement, which are not challenged, will be accepted by us as the facts in the case. *State v. Pohl*, 89 N.M. 523, 554 P.2d 984 (Ct.App.1976). We adhere to that statement with this limitation—when the record and transcript of the trial proceedings demonstrate that "facts" recited in the docketing statement were not the facts of the case presented to the trial court, we will not utilize those non-facts in our review of the trial court's ruling. Thus, when a trial transcript has been authorized (General and Limited Calendars), factual recitations in the docketing statement must give way to what the transcript reveals. When a trial transcript has not been authorized (Legal and Summary Calendars), factual recitations in the docketing statement which are not challenged will be accepted as the facts in the case. This limitation is consistent with *State v. Pohl, supra,* because that case had been assigned to the Legal Calendar.

There being no factual basis for the exigent circumstances claim, we do not consider it further.

*Section 64–22–8.2, supra*

This statute reads:

*Arrest without warrant.—*A. Members of the New Mexico state police, sheriffs and their salaried deputies and members of any municipal police force, if in uniform, may arrest without warrant any person:

(1) Present at the scene of a motor vehicle accident;

(2) On a highway when charged with theft of a motor vehicle; or

(3) Charged with crime in another jurisdiction, upon receipt of a message giving the name or a reasonably accurate description of the person wanted, the crime alleged and a statement he is likely to flee the jurisdiction of the state.

B. To arrest without warrant, the arresting officer must have reasonable grounds, based on personal investigation which may include information from eyewitnesses, to believe the person arrested has committed a crime.

Defendant asserts the statute is not applicable because there is no basis for the application of Paragraph B; the specific claim is that "there is no evidence whatsoever in the record that the arresting officer 'had reasonable grounds to believe defendant had committed·a crime,' as required by the statute."

Our first answer to this contention is that the trial court's ruling did not involve § 64–22–8.2(B), supra. Our second answer is that the criminal complaint, sworn to by the police officer, stated that defendant had "several containers of liquor" in his vehicle at the time of the accident, had the odor of liquor on his breath, and passed out several times at the hospital. See *State v. Trujillo, supra.* The officer's testimony at the suppression hearing did not meet the showing required by Paragraph (B) of § 64–22–8.2, supra. However, the sworn statement in the criminal complaint did, and that complaint was before the trial court at the suppression hearing.

The matter litigated at the suppression hearing involved § 64–22–8.2(A)(1), supra. A state police officer, in uniform, may arrest without a warrant any person "[p]resent at the scene of a motor vehicle accident". The evidence is that defendant was present at the scene. However, defendant was not arrested while present at the scene. The trial court ruled that defendant was not arrested in accordance with the statute because the arrest was not made while defendant was present at the accident scene.

When the officer has information meeting the requirements of § 64–22–8.2(B), su-

pra, he may arrest, without a warrant—(a) any person who *is* present at the accident scene, or (b) any person who *was* present at the accident scene? The statutory wording does not answer these questions.

The answer is to be found by analogy to delayed warrantless arrests for misdemeanor offenses. Annot., 58 A.L.R.2d 1056 (1958) states:

It is a general rule that once an officer has the right to arrest without a warrant for a misdemeanor or breach of the peace committed in his presence he must do so as soon as he reasonably can, and if he delays for purposes disassociated with the arrest or for such a length of time as to necessarily indicate the interposition of other purposes, he cannot arrest without a warrant.

1 Wharton's Criminal Procedure (12th ed., 1974, Torcia)§ 75 states:

An officer is accorded the right to make an arrest without a warrant for a misdemeanor committed in his presence. But it is ordinarily required that he make the arrest with reasonable promptness. If he does not act with reasonable promptness, and if the delay was unnecessary, the arrest without a warrant will be unlawful. The requirement of reasonable promptness is designed to prevent too great an inroad on the rule requiring a warrant of arrest if practicable.

See *State v. Potter*, 3 Conn.Cir. 41, 207 A.2d 75 (1964).

■ The foregoing rules apply, by analogy, to an arrest authorized by § 64–22–8.2, supra. An officer has two immediate concerns upon arriving at an accident scene—care for the injured and traffic safety. Only after action is underway to meet these immediate concerns can the officer undertake to investigate the accident. Yet, it is this investigation that provides the grounds for a warrantless arrest under § 64–22–8.-2(B), supra. We do not believe the Legislature intended that a person involved in an accident could avoid a valid warrantless arrest by leaving the accident scene before the officer's investigation developed grounds to arrest that person.

■ If the requirements of § 64–22–8.-2(B) are met, a valid warrantless arrest may be made of a person present at the scene of the accident if the arrest is made either at the scene or at a place other than the accident scene if the arrest is made with reasonable promptness.

■ The officer was notified of the accident at 7:12 p.m. and went to the scene. Defendant was present when the officer arrived at the scene, but left the scene while the officer was investigating the accident. The officer left the scene and went to the hospital "somewhere around 8:30 or 9:00" p.m. He was at the hospital "about an hour" before arresting defendant. The criminal complaint indicates this was multiple-vehicle accident. There is nothing in the record or transcript indicating unnecessary delay or that the arrest was not made with reasonable promptness. Although the docketing statement does not establish the facts in this case, the statement that nineteen people were injured in the accident suggests the arrest was reasonably prompt. The warrantless arrest was valid under § 64–22–8.2, supra.

The order suppressing the results of the blood alcohol test is reversed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.