865 P.2d 1190

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Linda Sue WALKER, Defendant–Appellant.**

**No. 21053.**

Supreme Court of New Mexico.

Nov. 10, 1993.

Kenneth G. Egan & Associates, Kenneth G. Egan, Las Cruces, for appellant.

Tom Udall, Atty. Gen., Mary Catherine McCulloch, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

RANSOM, Chief Justice.

Linda Sue Walker was convicted as an accessory (as defined by NMSA 1978, § 30-1-13 (Repl.Pamp.1984)) on ten counts of criminal sexual penetration of her minor daughter (CSPM) under NMSA 1978, Section 30-9-11(B) (Cum.Supp.1992), and on ten counts of contributing to the delinquency of a minor (CDM) under NMSA 1978, Section 30-6-3 (Cum.Supp.1992). She appealed her convictions to the Court of Appeals, and, pursuant to NMSA 1978, Section 34-5-14(C) (Repl. Pamp.1990), that Court certified the case for our review because it contained a double jeopardy issue then being addressed in two cases for which we had issued writs of certiorari to the Court of Appeals. We are today filing opinions in those two cases, *State v. Trevino*, 116 N.M. 528, 865 P.2d 1172 (1993), and *State v. Henderson*, 116 N.M. 537, 865 P.2d 1181 (Ct.App.1993). We base our decision in this case on our holding in *Trevino*: that convictions based on unitary conduct for both criminal sexual contact with a minor and contributing to delinquency do not violate principles of double jeopardy. *See also Swafford v. State*, 112 N.M. 3, 810 P.2d 1223 (1991) (setting out double jeopardy analysis to be followed in New Mexico).

We presume for purposes of this appeal that Walker's convictions for CSPM and CDM are based on the same ten incidents, i.e., that the conduct was unitary. In comparing the elements of the two statutes, we reach the same conclusions as in *Trevino*— neither of the two statutes subsumes the other. CSPM requires proof of sexual penetration and CDM requires proof that the defendant's act or omission contributed to the delinquency of a minor, and neither of those facts is required to prove the other. Examination of other indicia of legislative intent leads us to the same conclusion we reached in *Trevino*. We hold that the legislature intended separate punishments for CSPM and CDM when the same conduct violates both statutes.

We limit our review of this case to the double jeopardy issue for which it was certified in common with *Trevino* and *Henderson*. For resolution of the other issues Walker raises on appeal, we remand this case to the Court of Appeals for proceedings consistent with this opinion.

IT IS SO ORDERED.

FROST, J., concurs.

MONTGOMERY, J. (specially concurring).

MONTGOMERY, Justice (specially concurring).

I concur in the result only of the plurality's opinion. As indicated in my dissent filed today in *State v. Trevino* (cited in the majority opinion), I believe that, while CSCM (or CSPM in the present case) and CDM may be separately punishable crimes, to convict a defendant of CDM the State must present evidence showing beyond a reasonable doubt that the defendant's conduct caused or tended to cause or encourage the delinquency of a minor. In *Trevino*, the State failed to present such evidence. In contrast, this case illustrates what I believe is sufficient evidence to convict a defendant of CDM in addition to the convictions for CSPM.

The defendant's docketing statement states: "Linda Sue Walker witnessed [her daughter's] involvement in various sex acts with individual men, and on at least one occasion participated with her." The only issues raised in the docketing statement are whether the convictions for CDM were lesser included offenses of CSPM and whether the CSPM convictions should have been treated as fourth degree felonies, rather than second degree felonies, for sentencing purposes. Defendant has not challenged the sufficiency of the evidence for the CDM convictions.

Facts in the docketing statement are generally accepted as true unless controverted. *State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct.App.1978). While this principle technically may only apply in cases in which a transcript has not been filed on appeal (*i.e.*, when the case has been assigned to the legal or summary calendar), I believe

that the facts in defendant's docketing statement may nonetheless be taken as true because defendant herself stated them and because she has not challenged the sufficiency of the evidence to sustain her convictions.

Thus, it is established that defendant witnessed her daughter's involvement in various sex acts (presumably, at least ten) with different men and on at least one occasion participated with her. This constituted sufficient evidence to enable the jury to find that defendant's conduct caused or tended to cause or encourage her daughter's delinquency—even if the conduct was "unitary."

Accordingly, I concur with the plurality's conclusion that defendant's convictions for CSPM and CDM do not result in double jeopardy and should be affirmed.[1]

---

1. I note, however, that, contrary to the Court's recognition in *Trevino*, 116 N.M. at 529, 865 P.2d at 1173, that a certification under NMSA 1978, Section 34-5-14(C), transfers the entire appeal to this Court and under the statute constitutes "a final determination of appellate jurisdiction," the plurality remands this case to the Court of Appeals for further proceedings. I would have preferred that we decide defendant's other issue and affirm—or reverse—the convictions ourselves, rather than bouncing the parties from one appellate court to another.