# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JAMES BRYAN MENKE,**

Plaintiff-Appellant,

v.                                                                    NO. 28,940

**PHILIP C. GADDY, BERNARD FENENBOCK, GLENNA GADDY, LANE GADDY, WESTON GADDY, GADDY LAW FIRM,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Richard J. Knowles, District Judge**

James Bryan Menke
Albuquerque, NM

Pro Se Appellant

Philip C. Gaddy
Lane Gaddy
Weston Gaddy
Albuquerque, NM

Bernard Fenenbock
El Paso, TX

Pro Se Appellees

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Appellant, pro se, appeals from the district court's order dismissing his complaint. This Court's first notice proposed summary affirmance on the basis that Appellant failed to include the information necessary to determine the issues raised. Appellant filed a memorandum in opposition to the proposed disposition. Because Appellant has not provided the information requested by this Court, we affirm the district court's order.

The first notice of proposed disposition expressly requested that Appellant inform this Court of the exact claims brought in the prior litigation, who brought them, in what capacity they were brought, against whom they were brought, and whether they were resolved. Appellant needed only to name the specific claims brought in the prior litigation and show that those claims were not resolved or that they were different from the claims asserted in this case. The memorandum in opposition asserts that the information requested by this Court is contained in the record proper. However, many of the exhibits and documents referred to in the motions were not made a part of the record. Nevertheless, even absent those documents, Appellant could have met his burden by providing the specific information requested. *See State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978) (stating that factual recitations in the docketing statement are accepted as true unless the record on

appeal shows otherwise).

We presume that the district court is correct. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990). Therefore, the burden is on Appellant to clearly demonstrate that the district court erred. *Id.* The docketing statement failed to set out all the relevant facts, and the memorandum in opposition failed to remedy this deficiency, despite this Court's specific request. *See Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (requiring counsel to set out all the relevant facts in the docketing statement ). Therefore, we conclude that Appellant has not met his burden of showing that the district court erred in dismissing the complaint.

For these reasons and those stated in the first notice, we affirm the district court's order.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

3

_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**