This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**HEIDI CAROLINE BARTON,**

Petitioner-Appellee,

v.                                                                              **NO. 30,516**

**JAIME RIVERA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Thomas A. Rutledge, District Judge**

Max Houston Proctor
Hobbs, NM

for Appellee

Reagan & Sanchez, P.A.
Mark Terrrence Sanchez
Hobbs, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Respondent appeals an order of paternity and division of property. In this Court's notice of proposed summary disposition, we proposed to affirm. Respondent

has filed an untimely memorandum in opposition and a motion to accept his memorandum as timely. As he failed to seek an extension of time and as he provides no explanation for why he failed to do so, we deny his motion. We have nevertheless exercised our discretion to review his untimely motion, and we have duly considered his arguments. As we are not persuaded by Respondent's memorandum, we affirm. We need not consider Petitioner's untimely motion in support of affirmance.

**The District Court's Reliance on a Prior Judicial Decision that the Parties Were Not Married**

Respondent contends that the district court erred by not applying the doctrine of law of the case, res judicata, or collateral estoppel to determine that he and Petitioner had entered into a legally valid marriage. [DS 8] In our notice of proposed summary disposition, we proposed to find no error because, at the time the district court made its decision in this case, there was no judicial decision determining that the parties had entered into a valid marriage and, in fact, a prior district court case had determined that the parties were not validly married.

In Respondent's memorandum in opposition, he provides no facts or authority that would persuade this Court that our proposed summary disposition of this issue should not be made. Accordingly, we conclude that the district court did not err.

As we stated in our notice, now that this Court has reversed the prior judicial decision on which the district court's decision in this case was premised, Respondent

is free to file a motion in the district court pursuant to Rule 1-060(B) NMRA for relief from the judgment. *See* Rule 1-060(B)(5) (providing that a party may file a motion for relief from judgment when "a prior judgment upon which it is based has been reversed"); Rule 1-060(B)(6) (providing that a party may file a motion for relief from judgment for "any other reason justifying relief from the operation of the judgment").

**Contempt of Court**

Respondent contends that he should not have been held in contempt of court because there was no clear order of the district court that he violated. [DS 8] In our notice, we proposed to find no error because Respondent's docketing statement did not describe the testimony and any other evidence presented at the hearing on the issue of contempt, thereby failing to provide the Court with sufficient information to assess his claim. *See* Rule 12-208(D)(3) NMRA (requiring the appellant to include "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"). We also noted that, to the degree that we could assess Respondent's claim of error based on information in the record proper, it appeared that the district court did not err in holding Respondent in contempt.

In Respondent's memorandum, he again fails to provide this Court with any information about the evidence presented at the hearing, instead choosing to argue that this Court should not review the record proper in order to attempt to discern what

3

occurred in the district court. Respondent appears to believe that this Court is required to accept the conclusion stated in his docketing statement that he was not in contempt of court based on a limited recitation of one or two facts favorable to him. Respondent is incorrect. An appellant is required to set out all relevant facts in the docketing statement, including those facts that support the district court's decision, *see Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984), and Respondent failed to do so. Furthermore, factual recitations in the docketing statement are only accepted as true if the record on appeal does not show otherwise. *See State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978). In our notice, we stated that the record appeared to support the district court's finding of contempt, and Respondent has provided no facts, argument, or authority that would indicate that this conclusion is incorrect. In any case, we need not decide the issue based on the limited information we have in the record proper. Because Respondent has failed to provide this Court with sufficient information to address his claim, we find no error.

**Motion for a Stay Pending Appeal**

Respondent asserts that the district court erred in denying his motion for a stay of this case pending the outcome of the appeal of the prior case determining the validity or invalidity of the parties' marriage. [DS 8] In our notice of proposed

4

summary disposition, we proposed to hold that the district court did not abuse its discretion in denying the motion for a stay.

Respondent's memorandum in opposition asserts that the district court was required to weigh the interests of the parties to determine whether to grant a stay but provides no authority to suggest that the weighing that the district court did in this case or the conclusion that it reached was an abuse of discretion.  Accordingly, we conclude that the district court did not err in denying the motion.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**


**WE CONCUR**:


_____
**JONATHAN B. SUTIN, Judge**


_____
**ROBERT E. ROBLES, Judge**