This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 35,522**

**RUDY GUAJARDO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Offices of Jennifer J. Wernersbach, P.C.
Jennifer J. Wernersbach
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant Rudy Guajardo appeals from his convictions, after a jury trial, of five counts of criminal sexual contact of three different minor girls (CSCM), contrary to NMSA 1978, Section 30-9-13(B)(1), (C)(1), (D)(1) (2003). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm Defendant's convictions.

**Issue I: Sufficiency of the Evidence**

{2}     Defendant continues to argue that there was insufficient evidence to support his convictions. [MIO 5-7] Defendant raises no new facts or authority that are not otherwise addressed by this Court's notice of proposed disposition, so we refer Defendant thereto. [CN 2-10] Although Defendant contends on appeal that A.B.'s testimony does not support his convictions for CSCM as to her because she "did not testify that on two separate occasions [Defendant] touched all three of the listed parts of her body[,]" but, instead, testified that the touching happened on different occasions [MIO 6-7], such contentions are raised based only on a conversation with Defendant. [*See* MIO 6-7] Conversely, in Defendant's docketing statement, his trial counsel stated that A.B. testified that Defendant touched her breasts, buttocks, and vagina on different occasions—i.e., that Defendant touched all three parts on different occasions—and made no comment or argument that the testimony separated the acts

into different occasions. [*See* DS 4] As Defendant is not an officer of the Court and is not bound by the duty of candor toward the tribunal, *see State v. Coleman*, No. 34,088, mem. op. ¶ 3 (N.M. Ct. App. Jun. 29, 2015) (non-precedential) (noting that, "[u]nlike trial counsel, . . . a defendant is not an officer of the Court and is not bound by a duty of candor towards the tribunal"), we need not and do not rely on Defendant's iteration of the testimony at trial as evidence as we would trial counsel's iteration absent the record showing otherwise. *See State v. Calanche*, 1978-NMCA-007, ¶ 10, 91 N.M. 390, 574 P.2d 1018 (stating that factual recitations in the docketing statement are accepted as true unless the record on appeal shows otherwise).

{3}     Further, we reiterate that the jury was free to reject Defendant's version of the facts. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Indeed, "[o]n appeal, the appellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the [S]tate, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). We "do not search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would

substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

{4}    Moreover, to the extent Defendant argues that A.B.'s testimony *could* be taken that way, we reiterate that we do not re-weigh the evidence, *see id.*, but, instead, "defer to the [fact-finder] when it weighs the credibility of witnesses and resolves conflicts in witness testimony." *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156. Additionally, as we have explained, "circumstantial evidence alone can amount to substantial evidence." *State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641. Thus, for these reasons and those stated in our notice of proposed disposition, we conclude that there was sufficient evidence to support Defendant's convictions.

**Issue II: Ineffective Assistance of Counsel**

{5}    Defendant continues to argue that he was denied effective assistance of counsel because his trial counsel failed to move to sever the three Victims' cases. [MIO 8–11] Defendant acknowledges that some of his allegations supporting his argument for ineffective assistance of counsel are based on facts outside of the record. [MIO 10] As such, as we indicated in our notice of proposed disposition, a habeas corpus proceeding is the preferred avenue. [*See* CN 11–12] *See State v. Roybal*,

2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]"); *see also State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (stating that "[h]abeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness" (alteration, internal quotation marks, and citation omitted)). To the extent Defendant continues to make the same argument that he made in his docketing statement, we refer Defendant to our notice of proposed disposition [*see* CN 10–12] and reiterate that we do not second guess trial counsel's tactics. *See State v. Bernard*, 2015-NMCA-089, ¶ 35, 355 P.3d 831 (stating that we do not second guess trial strategy and tactics on appeal and that "[w]e do not find ineffective assistance of counsel if there is a plausible, rational trial strategy or tactic to explain counsel's conduct" (internal quotation marks and citation omitted)). We therefore conclude that Defendant has failed to establish a prima facie case of ineffective assistance of counsel.

**Issue III: Motorcycle Gang**

**{6}** Finally, Defendant continues to argue that his sentence was unfair and improperly influenced by the presence in the courtroom during sentencing of the motorcycle gang "Guardian Angels." [MIO 11–12; DS 5] Again, Defendant has not introduced any new facts or legal authority that is not otherwise addressed by our notice of proposed disposition, so we refer Defendant thereto. [CN 12–13] We conclude that the district court did not abuse its discretion in imposing its sentence notwithstanding the presence of a motorcycle gang.

**{7}** Accordingly, for all of these reasons and those stated in our notice of proposed disposition, we conclude that Defendant failed to show error on appeal. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{8}** We therefore affirm Defendant's convictions.

**{9}** **IT IS SO ORDERED.**

6

 

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**M. MONICA ZAMORA, Judge**