This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37949**

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

      Petitioner-Appellee,

v.

**KENNETH M.,**

      Respondent-Appellant,

and

**JENNIFER M.,**

      Respondent,

**In the Matter of SAVANNAH M.**
**and KYLER M.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Children, Youth & Families Department
Rebecca Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Denise A. Madrid Boyea
Carlsbad, NM

Guardian ad Litem

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Father appeals an adjudication of abuse involving two children, S.M., who was two months old when she came into custody, and K.M., who was nearly three years old when he came into custody. Due to trial counsel's failure to provide a description or summary of the evidence before the district court concerning the arguments asserted in the docketing statement, our calendar notice proposed to affirm. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (holding that the defendant's failure to provide the court with a summary of all the facts material to consideration of an issue on appeal necessitated a denial of relief). In his memorandum in opposition, Father reminds this Court that we may not resolve a dispute between facts asserted in a docketing statement and facts found below on the summary calendar. We also note, however, that "when the record and transcript of the trial proceedings demonstrate that 'facts' recited in the docketing statement were not the facts of the case presented to the trial court, we will not utilize those non-facts in our review of the trial court's ruling." *State v. Calanche*, 1978-NMCA-007, ¶ 10, 91 N.M. 390, 574 P.2d 1018.

**{2}** The issue with Father's docketing statement was its complete failure to summarize any evidence relevant to his arguments that others may have injured Savannah, that he "sought medical treatment" for her, or challenging the district court's finding that there was a "delay of treatment." [DS 3-4][1] *See Chamberlain*, 1989-NMCA-082, ¶ 11. Indeed, the only evidence discussed in Father's docketing statement consisted of four sentences summarizing two experts' opinions that S.M. suffered injuries on multiple occasions as the result of abuse. [DS 3] Father's memorandum in opposition continues to challenge the sufficiency of the evidence to support the district court's findings, but now draws our attention to the district court's finding of aggravated circumstances. [MIO 9-17] We note that the finding of aggravated circumstances was not mentioned in either of the two issues raised in Father's docketing statement. [DS 3-4] We therefore construe Father's memorandum in opposition as including a motion to

---

[1]To the extent that Father continues to rely on his own alternative explanations for the injuries at issue, "[i]t is for the finder of fact and not for the reviewing courts to weigh conflicting evidence and decide where the truth lies." *State ex rel. Children, Youth & Families Dep't v. Michelle B.*, 2001-NMCA-071, ¶ 12, 130 N.M. 781, 32 P.3d 790.

amend the docketing statement to address that finding. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. Having carefully considered the arguments asserted in Father's memorandum in opposition, we deny that motion to amend and affirm the dispositional order entered below.

{3}     Father's memorandum in opposition now argues that the district court's finding of aggravated circumstances is not supported by clear and convincing evidence in the record. [MIO 8] Specifically, Father asserts that although there was evidence that S.M. suffered serious chronic abuse, the evidence did not establish that "Father was the perpetrator of the serious abuse." [MIO 8] "For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact[-]finder's mind is left with an abiding conviction that the evidence is true." *Michelle B.*, 2001-NMCA-071, ¶ 12. (internal quotation marks and citation omitted). We "view the evidence in the light most favorable to the prevailing party, and . . . determine therefrom if the mind of the fact[-]finder could properly have reached an abiding conviction as to the truth of the fact or facts found." *Id.* (internal quotation marks and citation omitted).

{4}     By statute, " 'aggravated circumstances' includes those circumstances in which the parent . . . [has] . . . conspired to subject or has subjected the child to . . . chronic abuse." NMSA 1978, Section 32A-4-2(C)(3) (2018). As Father acknowledges, expert testimony was presented that S.M. had injuries "highly indicative of child abuse" that "happened on multiple occasions[,]" including skull fractures. [DS 3] Although not mentioned by Father, the basis for those conclusions appears to have been testimony regarding multiple skull fractures, multiple rib fractures, a fractured clavicle [RP 138, 141], persistent vomiting over a two-week period [RP 133], and that blood had to be drained from S.M.'s head when she was admitted to the hospital [RP 137]. Thus, there was evidence that the abuse involved blunt trauma over a prolonged period of time, that it was severe, and that it produced noticeable symptoms.

{5}     Father's memorandum in opposition also discusses evidence related to abuse of K.M. [MIO 6-7] Specifically, Father points out that a report alleging acts of violence by Father against K.M. appears not to have been received in evidence. [Id.] There was testimony, however, regarding the allegations in that report, as well as the fact that K.M.'s leg was broken in 2016. [RP 130, 131, 132] Although Father points out that no witness at trial had firsthand knowledge of those fact, he does not assert that any objection to that testimony was raised below or that the district court committed any error by receiving the evidence offered. [MIO 6] Thus, Father is merely asserting on appeal that the testimony was unreliable. It is not for this Court, however, to "assess the credibility of the witnesses, [but] defer[] instead to the conclusions of the trier of fact." *State ex rel. Children, Youth & Families Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 24, 128 N.M. 701, 997 P.2d 833.

{6}     We note that the practical effect of a finding of aggravated circumstances, like a finding of futility, is that it relieves Children, Youth & Families Department (the Department) of its burden to undertake reasonable efforts to assist Father in

ameliorating the conditions and causes of neglect or abuse. [MIO 12-13] *See* NMSA 1978, § 32A-4-22(C) (2016) ("The court may determine that reasonable efforts are not required to be made when the court finds that: (1) the efforts would be futile; or (2) the parent, guardian or custodian has subjected the child to aggravated circumstances."). We note that, although a finding of futility was entered in this case, Father does not challenge that finding on appeal. [RP 210]

**{7}** With regard to aggravated circumstances, the question before this Court is whether, based upon the evidence received, "the fact[-]finder could properly determine that the clear and convincing evidence standard was met" to sustain the determination that Father subjected or conspired to subject either child to chronic abuse as defined by statute. *In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶ 3, 120 N.M. 463, 902 P.2d 1066; *see also* § 32A-4-2(C)(3). Based upon the evidence of severe, unmistakable, and prolonged abuse received at trial, we conclude that the district court could properly determine that Father subjected or conspired to subject S.M. to chronic abuse.

**{8}** We further note that Father does not challenge the finding of futility entered below, which has the same legal and practical effect as a finding of aggravated circumstances. *See State ex rel. Children, Youth & Families Dep't v. Amy B.*, 2003-NMCA-017, ¶ 14, 133 N.M. 136, 61 P.3d 845 (recognizing that Section 32A-4-22(C) (2016) "provides the trial court with discretion to relieve the state of the burden of providing services"). Accordingly, we deny Father's motion to amend the docketing statement. *See State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that we deny motions to amend the docketing statement if the issue that the appellant is seeking to raise is not viable); *State v. Barber's Super Mkt., Inc.*, 1964-NMSC-049, ¶ 3, 74 N.M. 58, 390 P.2d 439 (noting that this Court's role is to "correct an erroneous result rather than to approve or disapprove the grounds upon which it is based").

**{9}** For the foregoing reasons, we affirm the district court.

**{10}  IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**