This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38766

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

　　　　Petitioner-Appellee,

v.

**HILARIO N.,**

　　　　Respondent-Appellant,

and

**JESSICA N.,**

　　　　Respondent,

**IN THE MATTER OF TIMOTHY N.,**

　　　　Child.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Kea W. Riggs, District Judge**

Children, Youth, & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

JulieAnne Hufstedler Leonard, PC
JulieAnne Hufstedler Leonard
Capitan, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Respondent Hilario N. (Father) appeals from the district court's judgment terminating his parental rights. In this Court's notice of proposed disposition, we proposed to summarily affirm. Father filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Father first argues that the district court applied an incorrect burden of proof to this case, alleging that the district court "began with the presumption that Father's failings as a parent, in particular his alleged failure to take proper care of Child immediately after Child's birth, assuming the allegations are true, continued into present day unless Father could prove differently." [MIO 7] However, Father appears to conflate compliance with his treatment plan, which was ordered by the district court in its adjudication order, with the burden placed on him at the termination of parental rights (TPR) hearing. Father's treatment plan required him, among other things, to (1) follow all requirements of his probation and refrain from further criminal activity; (2) maintain contact with the Department; (3) maintain housing that is free from drugs, violence, and criminal activity; and (4) participate in random drug testing. [CN 3-4] Evidence showing that Father failed to complete these items of his treatment plan does not establish that the district court impermissibly shifted the burden of proof onto Father to prove his fitness, but instead was properly presented by the Department to help establish that the causes and conditions of neglect were unlikely to be alleviated in the foreseeable future. Father's argument, as such, is unpersuasive. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that we presume correctness on appeal, and the appellant must clearly and affirmatively demonstrate district court error).

**{3}** Father maintains that the evidence presented at the TPR hearing was insufficient to establish that the causes and conditions that brought Child into custody were unlikely to be alleviated in the foreseeable future. Father's memorandum in opposition attempts to present several facts it claims establish that he indeed completed a majority of his treatment plan and thus is entitled to retain his parental rights. For instance, Father claims that he presented evidence that he engaged in mental health treatment and attended visits "sufficiently" to maintain his bond with Child. [MIO 9] Importantly, Father does not argue that the evidence relied upon by the district court is not itself supported by sufficient evidence. To the extent that Father did indeed present evidence contrary to

the evidence relied upon by the district court, Father's contention asks us to re-weigh the evidence. As we pointed out in our calendar notice, however, this Court does not re-weigh evidence on appeal. [CN 3]

**{4}**     In addition, Father contends that to the extent he did not complete items on his treatment plan, this Court should nevertheless conclude that failure to complete these items does not support the district court's decision to terminate Father's parental rights. [MIO 11] As discussed in our calendar notice, however, Child was brought into custody on allegations of neglect due to adult drug abuse, domestic violence in the parental relationship; adult mental illness; adult criminal activity; and failure to provide proper parental care necessary for the health and well-being of Child, and Father does not contend in his memorandum in opposition that this determination by the district court was not supported by substantial evidence. [CN 3] As discussed in our calendar notice, and acknowledged by Father in his memorandum in opposition, the district court found that Father failed to comply with his terms of probation and continued to struggle with instances of domestic violence. [MIO 10] Additionally, there was evidence presented at the TPR hearing that Father failed to consistently participate in random drug testing and tested positive for methamphetamine in February and July 2019. [CN 4] Though Father's memorandum in opposition states that "he should have tested positive for cannabis at most[,]" this is contradicted by the record. [MIO 5] *Cf. State v. Calanche*, 1978-NMCA-007, ¶ 10, 91 N.M. 390, 574 P.2d 1018 (stating that factual recitations in the docketing statement are accepted as true unless the record on appeal shows otherwise). Given the evidence establishing that Father continued to struggle with several aspects of his treatment plan directly aimed at alleviating the causes and conditions that led to Child coming into custody, we conclude that sufficient evidence was presented to support the district court's determination that Father would not be able to alleviate these causes and conditions in the foreseeable future.

**{5}**     Father's reliance on *State ex rel. Children, Youth & Families Department v. Lance K*, is inapt. 2009-NMCA-054, ¶ 30, 146 N.M. 286, 209 P.3d 778. In *Lance K.*, this Court concluded that where a parent had complied with all portions of his treatment plan that related to the causes and conditions that initially brought the children into custody, minor non-compliance due to that parent's mistrust of the Department would not be sufficient to support termination of parental rights. *Id.* In this case, however, evidence was presented that Father continued to struggle with several key aspects of his treatment plan that were directly related to the causes and conditions that brought Child into custody. As such, we are not persuaded that *Lance K.* merits reversal in this instance.

**{6}**     Moreover, to the extent that Father challenges the foundation supporting the evidence of his positive methamphetamine drug tests, this argument is devoid of supporting authority and is not sufficiently developed to invoke appellate review. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{7}** Additionally, we are unpersuaded by Father's argument that the district court relied improperly on the "procedural history" without proper notice prior to terminating Father's parental rights. [MIO 15] While the district court included in its order a recitation of the procedural of history of the case demonstrating Father's inconsistency in working his treatment plan, the district court also made findings based on evidence and testimony presented at the TPR hearing that supports the same conclusion. For example, the district court's order indicates that it received evidence at the TPR hearing about Father's continued failures to engage and complete important aspects of his treatment plan, including compliance with drug abstention and testing requirements, during the period up and until the termination hearing. [3 RP 594] Father has not demonstrated that this evidence was not supported by sufficient evidence, and as such, the concern considered in *State ex rel. Children, Youth & Families Dep't v. Brandy S.*, 2007-NMCA-135, ¶ 32, 142 N.M. 705, 168 P.3d 1129, is not present in this case.

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm the district court's order terminating his parental rights to Child.

**{9}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JACQUELINE R. MEDINA, Judge**