This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38441**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**ADOLPH PADILLA,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from his conviction after a jury trial of aggravated fleeing a law enforcement officer, contrary to NMSA 1978, Section 30-22-1.1 (2003), as set forth in the district court's judgment and sentence. [DS PDF 2] In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Initially, we note that the memorandum in opposition does not respond to the proposed disposition of issues two and three as described in the calendar notice—our proposed conclusions that the testimony at issue was not subject to exclusion under

Rules 11-403, 404 NMRA, and that the evidence was sufficient to support Defendant's conviction. [CN 4-6] Where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136; *State v. Gonzales*, 1991-NMCA-007, ¶ 10, 111 N.M. 590, 808 P.2d 40 (clarifying that where an issue is deemed abandoned on the summary calendar, that issue may be briefed if the case is assigned to a non-summary calendar).

**{3}** Defendant therefore abandons all but one issue [MIO 5-6]: whether the district court violated Defendant's constitutional right to confront the witnesses against him when the district court allowed a detective to reference a report "alleging that Defendant . . . had embezzled the vehicle in question in order to identify [Defendant] as the person driving the fleeing vehicle at issue." [DS PDF 7] We proposed to affirm on this issue because, to the extent the police report was a statement, we were unpersuaded that it was introduced for the truth of the matter asserted. *See State v. Navarette*, 2013-NMSC-003, ¶ 12, 294 P.3d 435 ("[T]he Confrontation Clause is violated only if the testimonial statement is offered to prove the truth of the matters asserted."). The matter asserted was essentially that a man named Adolph Padilla was suspected of embezzlement, whereas the non-hearsay reason it was introduced was "in order to identify Defendant as the person driving the fleeing vehicle at issue[.]" [CN 2] Therefore, we proposed to affirm.

**{4}** In his memorandum in opposition, Defendant does not address, or even seem to continue to acknowledge, his previous assertion that the statement was erroneously admitted for the non-hearsay purpose of identity. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"), *superseded by statute on other grounds as state in State v. Harris*, 2013-NMCA-031, 297 P.3d 374. Nor does Defendant point to any legal error with the proposed disposition. *See id.* Instead, Defendant changes his explanation of the reason the detective referenced the report. Defendant now suggests that the State introduced the evidence "on the basis that such information explains the officer's presence and conduct[.]" [MIO 2] Having recast the detective's reason for introducing the evidence, Defendant argues that this purported reason could not have been a proper basis because "[t]here was no true issue in the present case as to the propriety of any action taken by [the d]etective . . . during his encounter with [Defendant] at the filling station." [MIO 3]

**{5}** To the extent Defendant now asserts that the statement was admitted on the basis that the information explained the officer's presence and conduct, such argument is unsupported by the record. *See State v. Calanche*, 1978-NMCA-007, ¶ 10, 91 N.M. 390, 574 P.2d 1018 (stating that factual recitations in the docketing statement are accepted as true unless the record on appeal shows otherwise). Defendant does not point to any factual error, or indication in the record that the actual reason the detective referred to the report was to defend any action. *See Mondragon*, 1988-NMCA-027, ¶ 10. Rather, as we explained in our calendar notice and as Defendant acknowledged in

his docketing statement [DS PDF 7], the detective referred to the report to explain why he was sure the man he saw at the gas station—the one who later sped away from police who had engaged their patrol cars' lights and sirens [DS PDF 5]—was the same one who was on trial for aggravated fleeing a law enforcement officer.

**{6}** Because the detective's reason for referring to the report was to identify Defendant and not to explain or justify the detective's actions, the remainder of Defendant's argument in his memorandum in opposition fails. Accordingly, for the reasons set forth in our proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**