This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40694**

**STATE OF NEW MEXICO DEPARTMENT OF INFORMATION TECHNOLOGY,**

      Plaintiff-Appellee,

v.

**WESTERN AGRICULTURE, RESOURCE AND BUSINESS ADVOCATES, LLP and A. BLAIR DUNN,**

      Defendants-Appellants,

v.

**JOHN SALAZAR and RENEE ROYBAL,**

      Third-Party Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew J. Wilson, District Court Judge**

NM Department of Information Technology
Todd S. Baran
Santa Fe, NM

for Appellees

Western Agriculture, Resource and Business Advocates, LLP
Jared R. Vander Dussen
Albuquerque, NM

for Appellant A. Blair Dunn

Law Office of Marshall J. Ray
Marshall J. Ray

Albuquerque, NM

for Appellant Western Agriculture, Resource and Business Advocates, LLP

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Defendants appeal two summary judgments resolving both Plaintiff's complaint seeking declaratory relief and a third-party complaint filed by Defendants. [DS 4, 7] This Court issued a notice of proposed disposition proposing to affirm the judgments below. Defendants have filed a memorandum in opposition to that proposed disposition, and Plaintiff and Third-Party Defendants have filed a memorandum in support, both of which we have duly considered. Remaining unpersuaded that the district court committed error, we now affirm.

**{2}** With regard to the relief sought in Plaintiff's complaint, this Court proposed to conclude that because Plaintiff does not have any legal authority or responsibility for the "maintenance, care or keeping[,]" *see* NMSA 1978, § 14-2-6(A) (2018), of the public records at issue in this case, it is not a custodian of those records for purposes of the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2019). [CN 4] In response to that proposal, Defendants continue to assert that Plaintiff "holds" the public records at issue on behalf of other state agencies. [MIO 4] In doing so, Defendants direct our attention to the statutory definition of the term "public records," which includes documents "held by or on behalf of any public body." Section 14-2-6(G). [Id.] There is no dispute that the documents at issue in this case are public records.

**{3}** Instead, the dispositive issue—largely unaddressed by Defendants—is whether Plaintiff is a custodian of those records. For purposes of IPRA, a "custodian" is "any person responsible for the maintenance, care or keeping of a public body's public records, regardless of whether the records are in that person's actual physical custody and control." Section 14-2-6(A). We note that the final clause of this definition makes clear that mere physical custody of a public record does not determine custodianship.

**{4}** Defendants' memorandum addresses custodianship by suggesting that this Court's proposed disposition would "ignore the plain language definition of who is a custodian responsible for providing records to arrive at a distorted concept that." (sic.) [MIO 4] Defendants continue,

> There is no statutory support for the notion that a particular custodian is free from any obligation under IPRA because that custodian does not have legal custody (a concept that is specifically disavowed by the language from Section 14-2-6(G)).[] The law is that public records are available for inspection "whether or not the records are required by law to be created or maintained." *Id.* Legal custody, otherwise known as the legal

right to hold something, is directly related to whether or not the records are required by law to be created or maintained.

[MIO 4-5]

**{5}** We reiterate that the statutory definition of "custodian" makes clear that mere physical custody of a public record does not determine custodianship. Section 14-2-6(A). Defendants' repeated and ambiguous use of the word "hold" to suggest something more than mere physical custody does not address the question of whether Plaintiff was "responsible for the maintenance, care or keeping" of any of the public records requested by Defendants. *Id.* That question was addressed, however, both below and in our notice of proposed disposition, in which we suggested that Plaintiff,

> in its role as the provider of an email system . . . is responsible for maintaining servers and software that facilitate that email system, but it has neither legal authority nor any responsibility for the "maintenance, care or keeping" of public records transmitted to and from other agencies by way of that email system.

[CN 4]

**{6}** On appeal, an appellant bears the burden of establishing error below. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred). When responding to this Court's proposed appellate disposition, the responding party "must come forward and specifically point out errors of law and fact" in the proposed disposition. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Defendants' memorandum does not address the district court's conclusion, mirrored by this Court's proposed conclusion, that Plaintiff was not responsible for the maintenance, care or keeping of the records at issue in this case. We conclude Defendants' memorandum does not address the basis of this Court's proposed disposition, and we are unpersuaded that either our notice or the district court's judgment contains error.

**{7}** Finally, with regard to Defendants' third-party complaint asserting retaliation, this Court proposed two independent grounds for affirming the district court. We noted that, as the prevailing party below, Third-Party Defendants were entitled to the "absolute defense . . . of a favorable termination in the original proceeding." *DeVaney v. Thriftway Mktg. Corp.*, 1998-NMSC-001, ¶ 25, 124 N.M. 512, 953 P.2d 277, *overruled on other grounds by Durham v. Guest*, 2009-NMSC-007, ¶ 25, 145 N.M. 694, 204 P.3d 19; *see Fleetwood Retail Corp. of N.M. v. LeDoux*, 2007-NMSC-047, ¶ 21, 142 N.M. 150, 164 P.3d 31 (noting that a plaintiff's success in the underlying suit serves as "conclusive evidence of probable cause"). [CN 5] In the alternative, we also proposed that— Defendants' contrary factual assertions notwithstanding—the district court properly relied upon "the fact that Plaintiff's complaint for declaratory judgment sought no

damages." [CN 6] *See State v. Calanche*, 1978-NMCA-007, ¶ 10, 91 N.M. 390, 574 P.2d 1018 (explaining that when the record proper demonstrates "that 'facts' recited in the docketing statement were not the facts of the case presented to the trial court, we will not utilize those non-facts in our review of the trial court's ruling").

**{8}** Although Defendants' memorandum continues to protest the denial of its retaliation claim and to assert that this Court's proposed affirmance is "contrary to our notions of justice," [MIO 6] that memorandum makes no attempt at all to address either of the alternative grounds for affirmance proposed in our notice. Defendants also make no attempt to explain the apparent misrepresentation of facts contained in their docketing statement. *See In re Chavez*, 2013-NMSC-008, ¶ 26, 299 P.3d 403 (noting that courts "rely on attorneys to fulfill their duty of candor to the tribunal").

**{9}** As a result, Defendants have not persuaded us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Defendants have failed to do so. Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgments entered below.

**{10}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**