This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41272

**TENBEARS SOUTER,**

Plaintiff-Appellant,

v.

**NEW MEXICO DEPARTMENT
OF WORKFORCE SOLUTIONS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Court Judge**

Mescall Law Firm, P.C.
Thomas J. Mescall
Phillip Patrick Baca
Albuquerque, NM

for Appellant

Richard L. Branch
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Plaintiff appeals from the district court's order denying Plaintiff's verified petition for writ of mandamus, injunction, and complaint for declaratory judgment. [RP 100] We previously entered a notice of proposed disposition, proposing to affirm. Plaintiff filed a memorandum in opposition to that notice and Defendant filed a memorandum in support, which we have duly considered. Unpersuaded by Plaintiff's memorandum in opposition, we affirm.

**{2}** In our proposed disposition, we proposed affirmance based on Plaintiff's failure to file an administrative appeal with Defendant consistent with 11.3.500.8(A) NMAC. [CN 3-4] In his memorandum, Plaintiff continues to assert that he could not have filed an appeal with Defendant because NMSA 1978, Section 51-1-8(B) (2013) only provides for an appeal of a determination by a claims examiner as to whether a claimant is eligible for benefits or whether the claimant should be disqualified from receiving benefits. [MIO 4; DS 4] However, Plaintiff does not address this Court's reliance on 11.3.500.8(A) NMAC. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Regulation 11.3.500.8(A) NMAC contains no limitations and provides that "[a]ny interested party aggrieved by a determination of the department may file an appeal to the appeal tribunal within fifteen days from the date of transmission of the determination." *See also* § 51-1-8(A) ("Claims for benefits shall be made in accordance with such regulations as the secretary may prescribe.").

**{3}** Plaintiff also asserts that the September 1, 2020, letter did not notify him of any fraud determinations, which appears inconsistent with both the docketing statement and the record proper. [MIO 5] Plaintiff's docketing statement asserted that Section 51-1-8, Rule 1-075 NMRA, and Rule 1-077 NMRA did not provide a mechanism for "an administrative appeal for beneficiaries who have been denied benefits based on fraud." [DS 4] Plaintiff's briefing below indicated that Defendant was bound by a factual finding from Plaintiff's separate Inspection of Public Records Act case against Defendant that stated: "On September 1, 2020, [Defendant] sent [Plaintiff] a letter stating that [Plaintiff] had committed fraud and would have to repay [Defendant] $21,828.25 before he could be eligible for unemployment insurance." [RP 58-59]

**{4}** Consequently, we conclude that the September 1, 2020, letter was a determination made by Defendant that needed to be appealed to the appeal tribunal within fifteen days of September 1, 2020, pursuant to 11.3.500.8(A) NMAC. *See State v. Calanche*, 1978-NMCA-007, ¶ 10, 91 N.M. 390, 574 P.2d 1018 (holding that factual recitations in the docketing statement are accepted as true unless the record on appeal shows otherwise). As we noted in the proposed disposition, Plaintiff did not file an appeal.

**{5}** Accordingly, and for the reasons stated herein and in our notice of proposed disposition, we affirm.

**{6}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JANE B. YOHALEM, Judge**